GURLEY & RUSSELL ; BOWER & BOWER, *contra.*

---

MARTUS B. WALKER *et al.,* plaintiffs in error, *vs.* JOHN C. ZORN, defendant in error.

[TRIPPE, Judge, having been of counsel, did not preside in this case.]

1. Where land is levied on as the property of A, and is claimed by B under our claim laws, the pendency of the claim does not make it illegal for other judgment creditors of A to levy on and sell the land at sheriff's sale.

2. Pending an action of ejectment the plaintiff filed a bill in equity alleging that the defendant in the action of ejectment was insolvent, and that he had then in his possession certain bags of cotton and a certain lot of corn, made by him on the land, which land the bill charged belonged to the complainant. The bill prayed that the defendant should be enjoined from selling the corn and cotton, and that the same might be put in the hands of a receiver to await the result of the action of ejectment :

*Held,* That a Court of equity ought not to interfere in such a case. The complainant has no lien, and stands in no respect, as to said corn and cotton, better than any other creditor of the defendant.

Equity. Claim. Ejectment. Receiver. Judgment. Levy and sale. Execution. Before Judge BUCHANAN. Upson county. At Chambers. August 1st, 1873.

On November 11th, 1872, John C. Zorn filed his bill against Martus B. Walker, and his tenants, D. K. Walker and Peter Walker, making substantially the following case:

On November 1st, 1870, the " Grant place," in the county of Upson, was exposed to sale by the sheriff of said county, under an execution in favor of James R. Walker, against Nathaniel F. Walker, the father of the defendant, Martus B. Complainant became the purchaser of said property for the

sum of $3,565 00, and took a sheriff's deed to the same. At the time of said sale, the defendant, Martus B., was in possession of said property under a pretended deed from the said Nathaniel F., bearing a date anterior to the judgment under which the sale aforesaid was effected. Complainant charges that at the time of the execution of said deed Nathaniel F. was largely indebted over and above his means to pay the claim upon which said judgment was based, and which was then outstanding against him. He further charges that said conveyance was made with the view and for the avowed purpose of defrauding his creditors. Martus B. Walker went into possession of said property in January, 1867, while suit was pending, and just before judgment was obtained, and consequently the sheriff was unauthorized to dispossess him. Complainant was therefore compelled to commence his action of ejectment to obtain possession. This suit was commenced to the May term, 1871, of Upon Superior Court, against all of said defendants. Said defendant, Martus B., has received the rents and profits of said land for the years 1871 and 1872, of the annual value of $2,500 00, for which he refuses to account. He returns no property except the above lands, and if he is allowed to control the crops from year to year, as he has done, complainant will be unable to collect whatever *mesne* profits he may recover. Said defendants are preparing to remove the cotton which said tenants were to pay for rent, to-wit: fourteen bales, with a view to selling the same; also thirty-eight hundred pounds of seed cotton, and sixty bushels of corn. Unless the defendants are restrained from removing, selling or otherwise disposing of said cotton, cotton seed and corn until the final hearing of said ejectment suit, which is now continued to an extra term of this Court, to-wit: the Wednesday after the third Monday in December next, complainant will be without remedy for the collection of his rents as aforesaid. Prayer for the writs of injunction and of subpœna.

The Chancellor, (James W. Greene,) ordered a temporary injunction to issue, and required the defendants to show cause

Walker *et al. vs.* Zorn.

before him, on the Wednesday after the third Monday in December next why the same should not be made permanent.

At the adjourned term of the Court above referred to, complainant amended his bill substantially as follows : He did not pray for the appointment of a receiver in the original bill, because he had expected a trial of said ejectment case at this term, but it has been continued, and is likely to remain in Court for a considerable time, and as the said cotton, cotton seed and corn may be easily destroyed, and are subject to many casualties, besides being fluctuating in value, it is important to the interest of complainant as well as of defendants that the same be placed in the hands of some safe, disinterested person to hold and make sale of as receiver.   Complainant therefore prays the appointment of a receiver to take charge of said produce, with directions to sell the same at public or private sale, as may best comport with the interest of all parties, and to bring the proceeds into Court, with an account of his actings in the  matter, there to remain subject to the final decree in this case.

The defendant, Martus B. Walker, on the hearing of the motion for injunction, produced his affidavit, the only material portion of which was to the effect that the " Grant place" had been levied on by an execution in favor of James M. Smith *vs.* Nathaniel S. Walker, and a claim filed by him, at the time of the levy of the *fi. fa.* under which the sale was effected, at which complainant became the purchaser.

Voluminous affidavits were produced upon points not passed upon by the Court, and are therefore omitted.

The injunction was ordered to issue as prayed for, so far as the cotton was concerned, and the receiver appointed to take the same in possession with authority to sell, etc.   To this order the defendants excepted.

The judgment excepted to was rendered by Judge Buchanan of the Tallapoosa Circuit.   It recites that the presiding Judge of the Circuit (Judge Hall, the successor of Judge Greene,) was disqualified.

Walker *et al. vs.* Zorn.

Poe & Hall; A. D. Hammond, for plaintiffs in error.

C. Peeples, for defendant in error.

McCay, Judge.

1. We do not care to go into the question of the title to the land in dispute. In the granting of the injunction, that was a question of fact for the Judge, and we should not interfere with his decision as an abuse of his discretion. We do not think the *mere* fact that there was a claim pending made the sale under another *fi. fa.* against the defendant illegal. It is only in a very loose sense that land levied on is in the custody of the law. There is no seizure in fact. If the effect is to make the land bring less at the sale, (though we do not see how this is so,) the injury, if one, is to the defendant in execution. If it drives the claimant to a multiplicity of suits and puts him to expense, he may, perhaps, file a bill to compel all to one issue. But this he has failed to do. And if the law, as it does, gives the plaintiff a right to levy and sell, it would be but a poor right if he must wait to see if some other person has or has not the same right. One may have it and the other not. We do not, therefore, think the sale, for this reason, illegal.

2. But we cannot sustain this injunction for another reason. The right of the plaintiff in ejectment to recover *mesne* profits is a simple right of action, like any other debt or claim he may have against the defendant. The relation of landlord and tenant does not exist. He has no lien on the crop above other creditors. He asks in this bill that certain cotton and corn, owned by the defendant, who, he says, is insolvent, shall be impounded, to await his final verdict. What is there here different from the case of any plaintiff, with a suit pending against a defendant who is insolvent? The prayer is, not that the land shall be put in the hands of a receiver, and rented in the interest of both, but that certain corn and cotton, the property of the defendant, shall be impounded. We do not

think this can be done. In *Cubbedge & Hazlehurst vs. Adams,* 42 *Georgia,* 124, this Court settled, as the rule, a contrary doctrine.

Judgment reversed.