DAVIS *v.* TAYLOR *et al.,* executors.

Where the defendant in ejectment had been in possession more than seven years under color of title and claim of right when the action was brought, her insolvency is not cause for her expulsion and the appointment of a receiver to secure the mesne profits pending the suit on a petition in the nature of a bill in equity filed for that purpose by the plaintiffs in ejectment.

January 14, 1891. By two Justices.

Receiver. Ejectment. Title. Insolvency. Before Judge MADDOX. Haralson county. At chambers, November 17, 1890.

Reported in the decision.

ADAMSON & JACKSON, and W. F. BROWN, for plaintiff in error.

McBRIDE & EDWARDS, *contra.*

BLECKLEY, Chief Justice.

At the time the action of ejectment was brought the defendant in that action, Mrs. Davis, had been in possession of the premises under color of title and claim of right for more than seven years. During that time there is no indication in the evidence that she ever acknowledged title in the plaintiffs in ejectment or in any one else. She seems to have held for herself

against the world. We think, under these circumstances, that it was a mistake for the judge by a summary order to turn her out of possession and place the property in the hands of a receiver to await trial and judgment in the action of ejectment. The plaintiffs having acquiesced for more than seven years in the adverse holding, were chargeable with laches, and this ought to count against them in their application for a receiver. Had they brought their action promptly before the attachment of a *prima facie* bar, perhaps they would have been entitled to a receiver pending the action to secure the mesne profits, the defendant being insolvent. But a possession so ancient and long-continued should not be disturbed by an interlocutory order in advance of a trial by jury.

*Judgment reversed.*