## VIZARD v. MOODY.

1. Where a suit in ejectment has been begun against a defendant who, pending the litigation, becomes a non-resident of this State, service of an ancillary petition praying for equitable relief may be made by serving the attorney representing the defendant in the main suit.
2. It is competent to prove the failure of a party to return any property for tax-ation, by the oral evidence of a witness who swears that he has examined the tax-books and that no such returns appear of record.
3. Where one who has purchased land under a deed of trust to secure a debt is wrongfully excluded therefrom by the party in possession, who is insolvent and is collecting and dissipating the rents of the land, and the purchaser has been compelled to bring suit in ejectment to recover the land, a court of equity should, upon a proper showing, grant the prayers of a petition ancillary to the action of ejectment, for an injunction to restrain the defendant from col-lecting the rents, and for the appointment of a receiver to take charge of the property and collect and preserve the rents and hold them to abide the final judgment in the case.

Argued January 13, — Decided February 7, 1903.

Petition for injunction.    Before Judge Dart.    Glynn superior court.    October 18, 1902.

*Atkinson & Dunwody*, for plaintiff.

*Kay, Bennet & Conyers*, and *Gale & Butts*, for defendant.

CANDLER, J.    Vizard, a resident of Louisiana, sued Mrs. Moody in ejectment to recover certain land in Glynn county, and for mesne profits.    From the declaration in ejectment it seems that D. H. & S. A. Moody, a partnership, had assumed an indebtedness due to Vizard by one Walter, and for security had given a deed of trust to the land in dispute.    The debt was not paid when due, the trus-

tee sold the property under the power contained in the deed, and Vizard purchased it. S. A. Moody, the defendant, was in possession of the property, and refused to deliver it to the purchaser; whereupon the ejectment suit was brought. The petition in that suit recited that the property in dispute was being occupied by tenants; that Mrs. Moody, who was alleged to be hopelessly insolvent, was collecting the rents, and that unless she was prevented from so doing she would dissipate the money due the petitioner for mesne profits, and the plaintiff would have no remedy to recover this money from her. He prayed for an injunction against Mrs. Moody to prevent her from transferring or creating a lien upon the property, and for the appointment of a receiver to collect and preserve the rents until the final termination of the case. The court granted a temporary restraining order and appointed a temporary receiver, but upon the hearing dissolved the restraining order, refused the injunction, and declined to make the receivership permanent. The case was brought to this court, where the judgment of the lower court was affirmed, it appearing that the superior court of Glynn county had no jurisdiction to grant the equitable relief prayed against the defendant, who resided in Appling county. See *Vizard v. Moody*, 115 *Ga.* 491. The plaintiff then filed a petition ancillary to his original petition, alleging that the defendant was a resident of Mississippi, and making substantially the same case and the same prayers for equitable interference as in the case above referred to. Again the court refused to grant an injunction and appoint a receiver, and the plaintiff excepted. The bill of exceptions assigns error upon the ruling out of certain evidence, and complains generally that the court erred " in dissolving the injunction heretofore granted, and in discharging the temporary receiver, and in not granting injunction and appointing a receiver prayed for in plaintiff's petition; " and numerous reasons are assigned why the rulings excepted to were erroneous. It does not appear from the order passed by the court below upon what ground the judgment was based, but numerous questions were argued in the briefs of counsel, the controlling ones of which will be discussed below.

1. Service of the petition in the ancillary suit was made upon E. C. Butts, a member of the firm of Gale & Butts, attorneys, who represented Mrs. Moody in the defense of the main ejectment suit.

At the hearing the defendant filed a traverse to the return of service made by the sheriff, on the ground that neither E. C. Butts nor Gale & Butts represented the defendant in this suit at the time the service was made ; that while the firm of Gale & Butts represented her in the main ejectment suit, such representation was by special employment for that case, and did not include any other litigation. This traverse was supported by an affidavit of E. C. Butts. It is to be noted, however, that the traverse itself was signed by Gale & Butts, as of counsel for the defendant. We have no hesitancy in holding that, so far as appears from the record, the service upon E. C. Butts was legally binding upon the defendant. The Civil Code, § 4975, provides that in equitable proceedings against non-resident defendants, "if the non-resident defendant is represented in court by an attorney at law or in fact, service on such attorney shall be sufficient." This petition can not be considered as an entirely distinct suit, standing alone. It is really a part of the ejectment suit, upon which it is dependent for its very existence. To hold that there must be special employment of counsel in every branch of a piece of litigation before service of a defendant could be had by serving his attorney, though the paper to be served is a part of the same suit, would be to nullify the section of the code to which we have referred.

2. Exception is also taken to the ruling out by the court of certain evidence offered by the plaintiff. With one exception, we do not see any error in the rulings complained of, which would authorize a reversal of the judgment of the lower court. As proof of the insolvency of the defendant, the plaintiff offered evidence by a witness to the effect that he had examined the records of Appling county, Georgia, where the defendant formerly resided and did business ; that there was outstanding a judgment against the defendant unsatisfied ; that he had also examined the records in the office of the tax-collector of Wayne county, Georgia, where the defendant lived after leaving Appling county, and just prior to leaving the State of Georgia, and that there was on such tax-books no entry of any tax return by the defendant. It was of course inadmissible to prove by parol that there appeared on the records an unsatisfied judgment against the defendant, a certified copy of such judgment being the best evidence of its existence; but, under the ruling of this court in *Hines* v. *Johnston*, 95 *Ga.* 629, and *Greenfield* v. *McIntyre*,

112 *Ga.* 691, it would seem that the evidence as to the failure of the books to show any tax returns by the defendant was admissible to prove that no such returns were in fact made. The probative value of such evidence to establish insolvency is, of course, another matter, and one not brought before this court in the present case.

3. After a careful reading of the entire record we are convinced that upon the merits of the case the plaintiff was entitled to the equitable relief for which he prayed. The allegations of the petition were supported by evidence throughout, while the evidence offered by the defendant went only to the technical question of service, which was considered in the first division of this opinion, and did not touch the merits of the plaintiff's claim for equitable relief. The case principally relied upon by counsel for the defendant to dispute that claim is *Walker* v. *Zorn*, 50 *Ga.* 370, where, pending an action of ejectment, the plaintiff filed a bill in equity alleging that the defendant in the action of ejectment was insolvent, and that he had then in his possession certain bags of cotton and a certain lot of corn, made by him on the land, which land the bill charged belonged to the complainant; and praying that the defendant might be enjoined from selling the corn and cotton, that the same might be put in the hands of a receiver to await the result of the action of ejectment. It was there held that a court of equity ought not to interfere in such a case; that the complainant had no lien, and stood in no respect, as to the cotton and corn, better than any other creditor of the defendant. The case of *Tufts* v. *Little*, 56 *Ga.* 139, however, decides that when the vendor of lands puts the vendee in possession under a bond for titles, and the vendee has remained in possession some four years, enjoying the rents, issues, and profits thereof without having paid anything either on the principal or interest of the purchase-money, and the premises, by reason of no repairs and bad cultivation, are daily deteriorating in value, so as to have become insufficient to pay the debt thereon, and the vendee has become insolvent, there is equity in a bill for an injunction against further waste of the land and the use of the profits, and also for a receiver to take charge of the land and preserve the rents, issues, and profits to abide the final hearing. In discussing the case of *Walker* v. *Zorn*, the court says (p. 142) that it " decides that equity will not impound cotton and corn made on lands claimed by the complainant pending an action of ejectment,

and restrain their sale by the defendant, *the crops being already made and gathered;* but the court says, 'the prayer is not that the land shall be put in the hands of a receiver and rented in the interest of both, but that certain corn and cotton, the property of the defendant, shall be impounded,' thereby implying that had the prayer been to put the land in the hands of a receiver to preserve future rents and issues to abide the suit, it would have been granted." The distinction seems to us to be clear and well drawn, and it will be seen at a glance that the case of *Tufts* v. *Little* is much more nearly in point with the case now under consideration than that of *Walker* v. *Zorn.* To the same effect see *Millbank* v. *Penniman,* 73 *Ga.* 136, and *Atlas Savings & Loan Asso.* v. *Kirklin,* 110 *Ga.* 572. The case of *Davis* v. *Taylor,* 86 *Ga.* 506, rules that "Where the defendant in ejectment had been in possession more than seven years under color of title and claim of right when the action was brought, her insolvency is not cause for her expulsion and the appointment of a receiver to secure the mesne profits pending the suit on a petition in the nature of a bill in equity filed for that purpose by the plaintiffs in ejectment." That decision, however, rests solely on the ground that the defendant in ejectment was in possession under color of title, and that the plaintiffs had been guilty of laches in not bringing their suit sooner, and in the opinion Chief Justice Bleckley says: "Had they brought their action promptly before the attachment of a prima facie bar, perhaps they would have been entitled to a receiver pending the action to secure the mesne profits, the defendant being insolvent." We recognize the fact that this language is obiter, but in our opinion it expresses the true principle of law applicable to the present case, and our attention has not been called to any case which negatives the intimation there thrown out.

The theory of the able counsel for the defendant in error seems to be that the plaintiff did not show himself to be a lien creditor of the defendant below, and that therefore he was not entitled to the appointment of a receiver; and cases are cited which announce the well-settled proposition that generally a receiver will not be appointed at the instance of creditors who have no lien. The reply is that the plaintiff, so far as appears from the record, occupies a more favored position than a creditor of any sort could possibly occupy. For the purposes of this ancillary suit, it appears that he showed absolute title to the property in himself; and there is not

a line of evidence in the record to dispute that title. It must be borne in mind that this is not a suit by a creditor to collect a debt due on the land in dispute. That phase of the case was settled, so far as the land is concerned, when the property was sold under the deed of trust and bought by the plaintiff. He is suing in ejectment to recover the land, and consequently the rule of law in regard to the right of a judgment or other creditor to enforce the payment of a debt with which land is chargeable has no application to him.

Other questions of minor importance appear to have been made in the court below, but we are unable to tell what view was taken of them by the trial judge, or what bearing they had upon the judgment which was rendered. We have here discussed only those points which seemed to us material to a proper determination of the case, and which were argued by counsel for both sides in their briefs.                    *Judgment reversed.    By five Justices.*