*H. B. Moss*, contra.

---

SMITH *et al. v.* JOHNSON *et al.*

ATKINSON, J. The judge did not err, on conflicting evidence, in appointing a receiver as prayed. *Vizard* v. *Moody*, 117 *Ga.* 67 (43 S. E. 426); *Hunter* v. *Bowen*, 137 *Ga.* 258 (2), 261 (73 S. E. 380).

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 1584. APRIL 15, 1920.

Injunction and receivership. Before Judge Wright. Floyd superior court. July 2, 1919.

Upon application of Johnson and of Sanders (the latter claiming title and right of possession under the former), a receiver was appointed for crops growing on 130 acres of land, and the defendants, John Smith and his wife Nora, were enjoined from interfering therewith. In brief, the plaintiffs contended that in the spring of 1912 Johnson agreed to sell the land to John Smith for $600, receiving $1 in cash and a note for $99 and one for $500; that the $99 note was paid, but there was default in payment of the $500 note, and suit was brought upon it, resulting in judgment and execution which, after conveyance filed, was levied on the land; that John Smith attempted to stop the sheriff's sale under the execution, by interposing a purported affidavit of illegality, which the sheriff declined to receive; that Nora Smith offered a claim affidavit in forma pauperis, averring that the property was hers, which also the sheriff refused to accept, and the property was sold; that afterward, when the sheriff was proceeding to put the purchaser into possession, Nora Smith presented a petition for injunction, and obtained a restraining order with

an order that the claim be filed; that the injunction was later denied, and a motion for new trial was dismissed; that the claim case was tried, and the property was found subject to the execution, and a motion for new trial was overruled (but a reversal of this judgment was rendered — see 149 *Ga.* 212); that the sole support of the claim was an alleged bond for title from Johnson to Nora Smith, which Johnson denies having executed, or even having seen until it was offered in court by John Smith; that the defendants have been in possession of the land over seven years, have stripped it of saw timber, and have wasted it in other ways specified, receiving the benefits but paying nothing save the $100 mentioned; that by means of pauper affidavits and motions to continue the defendants (who are insolvent) are keeping up the litigation and holding possession of the land, and a multiplicity of suits is imminent, to the damage of the plaintiffs, etc.

The defendants admitted that John Smith made a contract for the purchase of the land, but alleged that this was rescinded in July or August, 1912; that Nora Smith "assumed the liability for said land," paying the $99, and Johnson executed and delivered to her a bond for title; and that thereafter John Smith had no interest in the property. They denied the allegations of waste, etc. The testimony on the material issues was in conflict.

*M. B. Eubanks,* for plaintiffs in error. *C. I. Carey,* contra.