## HIGHTOWER *et al. v.* PHILLIPS.

No. 11778.   June 18, 1937.

*A. H. Gray*, for plaintiffs in error.

*Peter Z. Geer* and *Lowrey Stone*, contra.

Russell, Chief Justice.   John Phillips filed his petition against Mrs. H. E. (Minnie) Hightower and Carl Lanier, in which he alleged that his wife died seized and possessed of a certain farm; that he was her sole heir; that he paid all debts owing by his wife; that there was no administration of her estate; that defendant, Mrs. Hightower, claimed that the plaintiff's wife owed her a debt; that in 1925, at the behest of Mrs. Hightower, an arrangement was entered into whereby the plaintiff turned this farm over to the defendant to work out the claimed debt of his wife; that Mrs. Hightower retained control and management of this farm under this arrangement for about seven years, and until the alleged debt was extinguished from profits realized by her from the operation of the farm; that during this time the plaintiff was employed by defendant as overseer, and received a salary

therefor; that the husband of Mrs. Hightower, who acted as her agent in handling her financial affairs and business, told the plaintiff that Mrs. Hightower had paid taxes on this farm during such time, and they wanted plaintiff to give them "some kind of showing about the taxes and about how they were working the place, and plaintiff had the utmost confidence" in him and agreed to do this; that plaintiff met defendant's husband at the Bank of Kestler and signed a paper which he had had prepared for plaintiff to sign; that plaintiff can not read or write, is sixty years of age and nearly deaf, and no one read this paper over to him, but on the contrary defendant's husband assured plaintiff that it was a paper only for the purpose of showing the arrangement and securing the defendant, Mrs. Hightower, in the payment of the taxes, and, relying thereon, plaintiff signed the paper; that he has since understood that Mrs. Hightower is claiming that he conveyed this farm to her, but he has not signed any deed thereto, and if there is a deed it is a forgery or was procured by means of a fraud; that in 1932 after the claimed debt of Mrs. Phillips was paid under the arrangement above referred to, the farm was turned back to the plaintiff, and he remained in exclusive possession thereof and exercised dominion over it since then; that on January 4, 1935, Mrs. Hightower sued out dispossessory proceedings against plaintiff, and they were served on him by defendant Lanier, who did not give to plaintiff the notice required by law, but immediately threw plaintiff's belongings from the house on this land into the road; that plaintiff picked the same up and placed them back in his house; that plaintiff is the owner of the title to this farm; that he is not a tenant of Mrs. Hightower; and that he is not able, on account of poverty, to give the necessary bond in the dispossessory case. He prayed that the defendants be enjoined from executing the dispossessory proceedings and putting plaintiff off said land. No demurrer was filed. Mrs. Hightower answered and set up that she owned the title to this farm by a warranty deed from the plaintiff as heir of his deceased wife, dated November 8, 1928, and reciting a consideration of $1,000, which she paid to the plaintiff, and that he occupied the premises as her tenant. Lanier answered and set up that he properly executed the dispossessory proceedings as an officer.

On the trial, after proving the death of his wife and that he was her sole heir at law, the plaintiff testified: "I have never made Minnie Hightower a deed to this land. . . I do not owe Mrs. Hightower a penny now." Hick Powell testified that the defendant's husband told him that he could not sell this farm, "that he was handling it for John Phillips. . . He said he had no right to sell it, that the place belonged to John. My recollection is he said that he (John Phillips) was in debt to him when he started, and he had hired him and worked him out of debt. . . I thought Mr. Hightower owned it, . . and he told me that he did not have any right to sell the place." Another witness testified as to Mrs. Hightower's husband looking after business transactions for his wife, and that he looked after all of them that witness saw; and gave testimony tending to substantiate the plaintiff's claim as to the arrangement with Mrs. Hightower to work out the debt of plaintiff's wife, and that Mrs. Hightower's husband had stated to him that the plaintiff was out of debt and did not work as their overseer any more, and he might go back home. The defendant's evidence was to the effect that the plaintiff occupied this farm, at the time of the issuance of the dispossessory proceedings, as a tenant of Mrs. Hightower: that plaintiff received the consideration expressed in the deed of $1,000, and that he signed the deed conveying the farm to Mrs. Hightower. The deed, which was properly recorded, was introduced in evidence. The defendant introduced the testimony of the subscribing witnesses to the deed, as to the execution thereof by the plaintiff. There was testimony as to the indebtedness of the plaintiff's wife to Mrs. Hightower, which was a debt Mrs. Phillips owed to the Bank of Kestler, and for which she had executed a security deed in its favor, and which Mrs. Hightower had paid for her and had the bank transfer such deed to her.

The jury returned a verdict in favor of the plaintiff, and a decree was entered, permanently enjoining the defendants as prayed. The defendants moved for a new trial on the general grounds, and by amendment added three special grounds, reference to which will be made in the following opinion. The judge overruled the motion for a new trial, and defendants excepted.

1. It is contended that the court erred in overruling the motion for a new trial on the general grounds; that the plain-

tiff's evidence was insufficient to make out a case in his favor; that the evidence conclusively established title to the premises in Mrs. Hightower through the introduction of the warranty deed from plaintiff to her, which deed, it is contended, the plaintiff did not deny executing, and that his testimony, "I have never made Minnie Hightower a deed to this land," was insufficient against a warranty deed reciting a valuable consideration, duly recorded; and particularly where the subscribing witnesses testified as to its execution by the plaintiff. See Code, § 29-415; *Daniel* v. *Stinson*, 179 *Ga.* 701 (177 S. E. 590). Where the plaintiff, in an equitable proceeding seeking to enjoin the defendant from evicting him from premises on the ground that plaintiff is a tenant holding over without paying rent, alleges that he is not a tenant of the defendant but is the owner of the premises, and that if the defendant claims to have a deed to the premises the same is either a forgery or was fraudulently obtained, and the defendant in her answer claims that plaintiff is a tenant and that she owns the title by virtue of such deed from plaintiff, and the plaintiff testifies that he never executed a deed conveying the land to the defendant, this is sufficient (even though the recorded deed is introduced in evidence, and even though the subscribing witnesses testify as to its genuineness) to support a verdict and decree in favor of the plaintiff permanently enjoining the defendant from evicting him from the premises involved. See *Wilkinson* v. *Dix*, 151 *Ga.* 605 (107 S. E. 844); *Hansen* v. *Owens*, 132 *Ga.* 648 (6) (64 S. E. 800). The contention of the defendant that the sole issue in this case was "tenancy or no tenancy," and that the evidence failed to show that the plaintiff was not a tenant of the defendant, is not well taken. It is true that a proceeding under the Code of 1910, §§ 5385 et seq., is not for the trial of title to land, but its sole purpose is the determination of the right of possession between a person claiming to be landlord and one who claims to be his tenant. *Jordan* v. *Jordan*, 103 *Ga.* 482 (30 S. E. 265); *Willis* v. *Harrell*, 118 *Ga.* 906. It is likewise true that such proceeding will lie only if the relation of landlord and tenant exists; and if the defendant in the dispossessory proceeding holds possession otherwise than as tenant, such as purchaser, donee, etc., this remedy is not applicable. *Henry* v. *Perry*, 110 *Ga.* 630 (36 S. E. 87); *Sharpe* v. *Mathews*, 123 *Ga.* 794 (51 S.

E. 706); *Garrick* v. *Tidwell,* 151 *Ga.* 294 (106 S. E. 551). This was not a dispossessory proceeding, but was an equitable action to enjoin the execution of a proceeding to dispossess the plaintiff as a tenant of the defendant, on the ground that such plaintiff was not the tenant of the defendant, but owned the title to the premises of which he was in possession, and in her answer the defendant set up that she was the owner of the premises by virtue of a deed from the plaintiff, and therefore the plaintiff was in possession as her tenant. The sole issue was not "tenancy or no tenancy," and the fact that the plaintiff did not specifically testify that he was not a tenant of the defendant does not render the verdict without evidence to support it. He endeavored to show that he was not a tenant but the owner of the title, by showing that his wife died and he was her sole heir, that there was no administration of her estate, that he paid all debts, and that if the defendant claimed that he had deeded the same to her the deed was either a forgery or fraudulent; and he testified that he had never made a deed to this land to this defendant. The verdict was not contrary to the law, and was not without evidence to support it. Therefore a verdict for the defendant was not demanded.

2. The special grounds of the motion for new trial show no error. The court did not err in stating the contentions of the plaintiff, and then instructing the jury that if they believed the same by a preponderance of the evidence they should find for the plaintiff. The claim of the defendant that the evidence of the plaintiff did not sustain his contentions is, as we have pointed out, not well taken. The court did not err in failing to charge the jury as follows: "The plaintiff was bound by the allegation of his petition which would amount to admissions; and the plaintiff having alleged that he turned the land involved in this case over to H. E. Hightower individually or as general agent for Mrs. H. E. Hightower, to be held until the rents therefrom would pay off an indebtedness due by him to H. E. Hightower or Mrs. H. E. Hightower, that he would not be entitled to possession of the land in his own right, unless the jury were satisfied by a preponderance of the evidence that this indebtedness had in fact been paid," particularly where there was no timely written request therefor,

and where the evidence did not show that the debt was not paid or the defendant did not so contend.

Nor did the court err in failing to charge, without a timely request, "that the issue between the plaintiff and the defendant was one of tenancy or no tenancy, and that before they would be authorized to find a verdict in favor of the plaintiff they would have to believe by a preponderance of the testimony in the case that the plaintiff was not the tenant of the defendant . . at the time the eviction warrant was sued out and served, the execution of which is sought to be enjoined in this proceeding." As we have seen, this defendant would not be entitled to sue out and maintain dispossessory proceedings against the plaintiff if he were the owner of the title to the land by purchase, gift, or otherwise; and the plaintiff did not necessarily have to testify expressly that he was not a tenant of Mrs. Hightower, where he testified that he was the owner of the premises and that he had made no deed thereto to this defendant, she having set up and claiming that he had executed such deed to her. The charge of the court sufficiently covered the question that the plaintiff claimed to be the owner and the defendant claimed that plaintiff had conveyed the premises to her, and that the jury would have to so believe from a preponderance of the evidence. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*