## 18298. FOUNTAIN *v.* GRANT.

HAWKINS, Justice. On another phase of this litigation this court held: "On the hearing of an application for an interlocutory injunction to restrain the defendant from selling a certain tract of land under a power of sale contained in a security deed, on the ground that the debt, by payment and tender, had been satisfied, the court, on conflicting evidence, did not err in denying the injunction." *Fountain* v. *Grant,* 209 *Ga.* 508 (74 S. E. 2d 245). Subsequently, L. K. Grant (the defendant in the above case) filed against W. L. Fountain (the former plaintiff) a petition, which as amended alleged substantially the following: The petitioner is the owner of the tract of land in question. A building on the premises is being used by the defendant as a restaurant and grocery store. The defendant executed a security deed conveying the property to the Farmers Bank of Forsyth, and gave a note in the amount of $10,410. The note and deed were transferred to the petitioner. The deed authorized the holder to exercise a power of sale in the event the defendant defaulted in the payments of the note. The defendant defaulted in such payments, has judgments outstanding against him, and State and county taxes remain unpaid. The petitioner exercised the power contained in the security deed and was the highest and best bidder. After the sale the defendant refused to surrender possession or to allow the petitioner to examine the property and to keep it in repair. The defendant's conduct in depriving petitioner of the rents and possession of the premises is causing petitioner irreparable injury because the defendant is insolvent and the property did not bring enough to pay off the note the defendant gave to the bank, which in turn was transferred to petitioner. The defendant is doing nothing to protect the property and is allowing it to deteriorate. The petitioner has no adequate remedy at law. The solicitor-general filed a petition seeking to padlock the place because of unlawful activities that the defendant carried on without the knowledge or consent of the petitioner. If the defendant is permitted to remain in

possession and to carry on illegal activities, and the place is padlocked, the petitioner will suffer an injury over which he has no control. The defendant's conduct in holding himself out as owner and remaining in possession prevents the petitioner from enjoying the profits from the property, and the defendant, being insolvent, is not able to respond in damages for the injuries he is doing the petitioner. Besides for process, the petition prayed: that a receiver be appointed to take charge of the property and preserve it until the matter is adjudicated by the court; that the defendant be enjoined from operating the business as set forth in the petition; and that the petitioner have general equitable relief. The defendant interposed a demurrer on general and special grounds, each of which was overruled. After hearing evidence the trial court granted an interlocutory injunction and appointed a receiver. The defendant offered to give bond conditioned upon his payment of any rents a jury might find against him. The defendant excepted (1) to the judgment overrruling his demurrer, (2) to the grant of an injunction and the appointment of a receiver, (3) to the refusal to allow the defendant to make bond. *Held*:

1. The allegations of the petition—to the effect that the defendant's conduct in refusing to surrender property after sale thereof under a power contained in a security deed was causing petitioner irreparable injury because the defendant was insolvent and could not respond for any damages found against him—were sufficient as against general demurrer to set forth a cause of action for equitable relief.

2. The special grounds of demurrer, in so far as there was any merit in them, were met by amendment to the petition.

3. Where, as here, one who purchased realty under a deed to secure debt is wrongfully excluded therefrom by the party in possession, who is insolvent and is committing acts of waste, the trial court does not err in granting an injunction to restrain the defendant from committing waste, and in appointing a receiver. *Goodwynne* v. *Bellerby*, 116 *Ga.* 901 (6) (43 S. E. 275); *Vizard* v. *Moody*, 117 *Ga.* 67 (3) (43 S. E. 426); *Gillespie* v. *Hunt*, 145 *Ga.* 490 (2) (89 S. E. 519); *Hiers* v. *Exum*, 158 *Ga.* 19 (5) (122 S. E. 784); *Chason* v. *O'Neal*, 158 *Ga.* 725, 734 (6) (124 S. E. 519); *Crockett* v. *Wilson*, 184 *Ga.* 539 (192 S. E. 19).

4. Nor did the trial court, under the facts of the present case, abuse its discretion in refusing to permit the defendant to give bond in lieu of appointment of a receiver. The instant case is distinguished by its facts from *Stillwell* v. *Savannah Grocery Co.*, 88 *Ga.* 100 (13 S. E. 963); *Bivins* v. *Marvin*, 96 *Ga.* 268 (2) (22 S. E. 923); *Turnipseed* v. *Kentucky Wagon Co.*, 97 *Ga.* 258 (23 S. E. 84); *Morgan* v. *Boyles*, 168 *Ga.* 453 (148 S. E. 89), where the evidence did not authorize the appointment of a receiver, and it was held that the court erred in failing to allow the parties in possession the opportunity to give bond instead of surrendering the property.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*

ARGUED JULY 13, 1953—DECIDED SEPTEMBER 14, 1953—
REHEARING DENIED SEPTEMBER 28, 1953.

*W. B. Mitchell*, for plaintiff in error.
*Hugh D. Sosebee, Steve Schalasny*, contra.

ON MOTION FOR REHEARING.

The contention of counsel for plaintiff in error that a dispossessory warrant under Code § 61-301 afforded the plaintiff an adequate remedy at law, and that a court of equity was without jurisdiction, is without merit. Where, as here, it is stipulated in the record, the petition alleges, and the answer admits, that the relationship of landlord and tenant does not exist between the plaintiff and the defendant, a dispossessory warrant is not an available remedy at law to the plaintiff. *Watson* v. *Toliver*, 103 *Ga.* 123 (29 S. E. 614); *Allen* v. *Allen*, 154 *Ga.* 581 (1) (115 S. E. 17); *Patterson* v. *Barron*, 177 *Ga.* 159 (169 S. E. 899); *Hightower* v. *Phillips*, 184 *Ga.* 532, 535 (192 S. E. 26); *Harden* v. *Weaver*, 184 *Ga.* 652, 656 (192 S. E. 384); *Wright* v. *Roseman*, 209 *Ga.* 176 (71 S. E. 2d 426).

*Motion for rehearing denied.*