JOHN H. GILMORE, plaintiff in error, *vs.* JESSE H. WATSON, $\frac{28}{111}$ $\frac{68}{768}$, trustee, defendant in error.

New trial granted on the ground that the plaintiff in the Court below, in an action of Trover, failed to prove a legal title to the notes sued for.

Trover in Lee Superior Court. Tried before Judge ALLEN, at March Term 1857.

This was an action of Trover brought by Jesse H. Watson, as trustee for Mary A. Johnson, against Stephen D. Hunt and John H. Gilmore, for the recovery of two promissory notes made by William Hamrich, each payable to William W. Gilmore, or bearer, dated 1st June, 1852, and amounting in the aggregate to the sum of twelve hundred dollars.

The case was by consent transferred to the appeal. Hunt died after suit was commenced, and the action proceeded against Gilmore alone.

It appeared that the notes in controversy were given by Hamrich to William W. Gilmore as the price of a Hotel and adjoining lot in the village of Starksville, bought by Hamrich from Gilmore. There was no question but that the *legal* title to the property was in Gilmore, but Mrs. Johnson claimed that she was the real owner, and that Gilmore held said property in trust for her, and that she was entitled to the notes which were given for its purchase. Much testimony was introduced on both sides, as to the extent of her right and interest in the property, and the nature and character of Gilmore's title. Mrs. Johnson and her husband were in possession of it at the time Hamrich bought from Gilmore, but they both admitted to him, and this fact was not contested, that Gilmore had the *legal title.*

William W. Gilmore died after the sale, and the notes came into the hands of Hunt and John W. Gilmore as his administrators.

The jury found for the plaintiff $1431 00 damages, to be discharged by the delivery of the notes within thirty days

Defendant moved for a new trial, on the ground that the Court refused the motion to non-suit plaintiff, there being no evidence of a demand and refusal; and because the verdict was contrary to law and the evidence, and the charge of the Court.

The Court refused the motion for a new trial, and defendant excepts.

Lyon, for plaintiff in error.

Vason & Davis; and Warren & Warren, for defendant in error.

*By the Court.*—McDonald, J. delivering the opinion.

The notes were given for property, the legal title to which was in the intestate of the plaintiff in error, they were made payable to him, and the legal interest and title to the notes were in him, and they came legally to the possession of the defendant, as administrator. Upon a careful examination of the evidence on both sides of this case, we are of opinion that the verdict of the jury is contrary to the evidence. There is but little in the testimony of defendant in error to prove, contrary to the strong evidence of the plaintiff, that the legal title is not in the plaintiff's intestate. Two of the witnesses for the defendant in error, testify to a conversation, not positively, but from their impressions. This kind of testimony is very weak, and entitled to but little consideration against the positive evidence of other witnesses. The workman who repaired some part of the house was paid by the intestate. It is true he had referred him to Johnson for pay, but Johnson did not pay. The evidence of the Sheriff does not strengthen the case of the plaintiff below. It proves that the intestate referred him to Johnson to pay an execution issued on a judgment founded on a note which was given for the property; and that, on application to him he did not pay. The evidence shows, to my mind, that if the party

has a remedy, it is in a Court of equity. It would be a rather hard case to allow the trustee of a married woman to recover in an action of Trover, from the administrator of a former deceased trustee, property which he held in trust, when the proceedings showed clearly that the trustee was largely in advance to his *cestui que trust*. It is far from settled in our mind, that the intestate was in fact a trustee; and that this case shows anything more than the effort of a brother to aid a sister whose husband was in reduced circumstances, to support herself and her family.

Judgment reversed.