## STUCKEY *v.* WATSON, sheriff, for use, etc.

Upon application of the doctrine of estoppel, as laid down in the third division of the opinion in the case of *Ford* v. *Blackshear Mfg. Co.*, 140 *Ga.* 673, to the facts of this case, the verdict adverse to the plaintiff in error was demanded and the court did not err in directing the jury to find accordingly.

No. 5990. FEBRUARY 27, 1928.

Claim. Before Judge Camp. Laurens superior court. March 12, 1927.

*G. C. Bidgood* and *C. C. Crockett,* for plaintiff in error.

*Ira S. Chappell,* contra.

BECK, P. J. The Dublin and Laurens Bank obtained a judg-ment against M. Frank Mullis, and had execution levied on a cer-tain lot of cattle. Mrs. Lydia Mullis, the wife of M. Frank Mullis, filed her claim to this property; and desiring to retain possession of the cattle she gave a forthcoming bond, signed by herself as principal and W. H. Stuckey as surety, dated September 21, 1921. The claim case was tried, and the cattle were found subject to the judgment. The cattle were not produced at the time and place of sale; and suit was brought on the bond, and a judgment was obtained against Mrs. Lydia Mullis as principal, and W. H. Stuckey as surety, on April 29, 1925. Execution from this judg-ment was levied by the sheriff, on July 25, 1925, on 100 acres of land as the property of W. H. Stuckey, and in his possession. Mrs. Elizabeth J. Stuckey, wife of W. H. Stuckey, interposed a claim, asserting title to the land by deed made to her by her husband, dated April 14, 1924, on an expressed consideration of $1500.

Estoppel, 21 C. J. p. 1175, n. 99.
Husband and Wife, 30 C. J. p. 830, n. 74.
Trial, 38 Cyc. p. 1565, n. 84.

Claimant contended that her money paid for the land when it was originally bought and the deed was taken in the name of her husband instead of in her name, and that she owned the equitable title from the date of purchase until the date of the deed from her husband to herself, which put also the legal title in her name, "as should have originally been done." After both sides had submitted evidence, the court directed the jury to return a verdict finding the property subject. The claimant excepted.

The undisputed evidence of both Mrs. and Mr. Stuckey showed that the wife knew her money had paid for the land, and knew her husband had taken the title in his own name instead of in hers, and with full knowledge of the facts she permitted the husband to retain the title in his own name for twenty-five or thirty years and hold himself out to the world as the true owner of the land under a recorded deed, and to pay all taxes thereon, and during that time she had never requested the husband to place the title in her name, where, as she now asserts, it belonged, until after the sheriff had accepted the husband as surety on the bond on the faith of his apparent ownership of the land, without any knowledge or notice of the wife's secret equity. The sheriff himself testified: "I accepted Mr. Stuckey [as surety] because he was a good bondsman. He said he had 100 acres of land, and the records also disclosed that fact. He told me he had 100 acres of land. I went to the tax books, and they showed that he returned the property in his own name. Possibly I went to the records to see if he had a deed to it. I accepted him as a bondsman on the idea that the property was in his own name; on the idea that he was the owner of 100 acres of land in this county. I had no information from anybody that Mrs. Stuckey had any claim to the land." In view of all the evidence in the record, the wife's conduct worked an estoppel in law and equity to her assertion of title. The principle here ruled is distinctly recognized in decisions heretofore made by this court. In the case of *Ford* v. *Blackshear Mfg. Co.*, 140 *Ga.* 670 (79 S. E. 576), it was held: "If a wife, having an equitable title to land to which a deed is taken in the name of her husband, permits him to hold the property and use it in his business and commercial transactions for the purpose of obtaining credit, and a third person, without notice of the equity, extends credit to the husband on the faith that the land is his, the

wife, after the creditor has reduced his debt to judgment, will be estopped from asserting title to the land as against the lien of the judgment, although before rendition of the judgment the husband, in recognition of the equity, may have conveyed the land to her." We have quoted the third headnote of the case referred to. In the corresponding division of the opinion will be found a full discussion of the question involved, with the citation of numerous authorities; and that renders further discussion here unnecessary. This rules the controlling question in this case adversely to the claimant; and it follows that the evidence required the verdict directed, and the judgment will not be reversed for the court's directing a verdict instead of submitting the case to a jury.

*Judgment affirmed. All the Justices concur.*