## Pitts *v.* Temple Banking Company *et al.*

Atkinson, J. 1. Where a husband purchases land with funds belonging to the separate estate of his wife, and the wife knowingly permits the legal title to remain in the husband for many years during which the husband holds out and deals with the property as his own, and credit is extended to him on the faith of such ownership, and the creditor obtains judgment, causes execution to be levied on the land, and at

the sale thereof the creditor purchases the land, taking a sheriff's deed, and nothing is done by the wife to disclose her secret equity or to claim such right, the wife will be estopped from asserting her equity as against the creditor who has no notice thereof. *Roland* v. *Wilkinson-Bolton Co.*, 165 *Ga.* 194 (140 S. E. 368), and cit.

2. If it be conceded that under the facts of this case the husband purchased the land in question with his wife's money, the jury was authorized to find, under the evidence, that the wife was estopped from asserting her equity, under application of the rule stated in the preceding headnote.

3. The ground of the motion for a new trial based upon evidence alleged to be newly discovered is without merit. The evidence mentioned is cumulative, and obviously the petitioner, by the exercise of reasonable diligence, could have produced it on the trial.

4. Under the evidence, none of the remaining special grounds of the motion shows cause for a new trial. The evidence, though conflicting, supported the verdict.    *Judgment affirmed. All the Justices concur.*

No. 6974.    OCTOBER 4, 1929.

228

*Willis Smith,* for plaintiff.    *Boykin & Boykin,* for defendants.