## BARRETT *v.* AMERICAN SECURITIES COMPANY.

No. 8478.   JULY 15, 1931.

*Knight & Patterson,* for plaintiff.
*Kobak & Levy,* for defendant.

GILBERT, J. On presentation of a petition for injunction the judge granted a restraining order and issued a rule nisi calling upon the defendant to show cause why the prayers of the petitioner should not be granted. At interlocutory hearing the following order was made: "The restraining order in the within case coming on to be heard, and after a hearing, it is ordered and adjudged by the court that the same be and it is hereby dissolved. A ten-day supersedeas is granted to plaintiff." Upon this order error is assigned as follows: "To which judgment dissolving said injunction and enjoining the defendant as prayed in said petition the plaintiff in error in this bill of exceptions then and there excepted and now excepts and assigns same as error, as being contrary to law, and says that the said judge then and there should have refused to dissolve said injunction and restraining order as previously granted."

There is no provision of law for reviewing by writ of error an interlocutory order merely dissolving, revoking, or setting aside a temporary restraining order. *Hollinshead* v. *Lincolnton,* 84 *Ga.* 590 (10 S. E. 1094); *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710); *Ragan* v. *Ragan,* 148 *Ga.* 151 (96 S. E. 96). The most the plaintiff in error can contend for is that the order revoking the former temporary restraining order was by inference or implication a judgment refusing an interlocutory injunction. "There can be no order or judgment by inference or implication that can be the subject of review by an appellate court." *Putnam Mills & Power Co.* v. *Stonecypher,* 151 *Ga.* 14 (106 S. E. 87). The order which dissolved the prior temporary restraining order, without more, left pending the petition for interlocutory injunction to be heard and passed on. The order upon which error is assigned not being subject to review, the bill of exceptions must be dismissed. *Bradfield* v. *Abercrombie,* 151 *Ga.* 401 (107 S. E. 45); *Carolina Portland Cement Co.* v. *Jones,* 162 *Ga.* 591 (134 S. E. 300); *Goss* v. *Brannon,* 165 *Ga.* 502 (141 S. E. 295); *Williams* v. *Roberts,* 169 *Ga.* 226 (150 S. E. 89); *Shirley* v. *Standard Oil Co.,* 169 *Ga.* 300 (150 S. E. 215); *Forrester* v. *Denny,* 169 *Ga.* 435 (150 S. E. 555); *Williamson* v. *Allen,* 169 *Ga.* 537 (150 S. E. 907); *Threlkeld* v. *Proctor,* 171 *Ga.* 370 (155 S. E. 522).

*Writ of error dismissed. All the Justices concur.*