26099. SAVANNAH BANK & TRUST CO. *v.* GROOVER.

DECIDED MAY 22, 1937. REHEARING DENIED JUNE 18, 1937.

32

*William L. Clay, Travis & Travis,* for plaintiff in error.

*O. E. Bright, Perry Brannen, Lawton & Cunningham,* contra.

FELTON, J. ■ It becomes necessary first to construe the petition. The suit being in one count, it must be deemed to be predicated on the theory that the stock was loaned to the husband to be used by him, as his own, for the purpose of borrowing money

with which to buy his partner's interest, and that he himself borrowed the money from the defendant and gave his note for it. This construction is given because the petition sets up two theories on which it is sought to charge the bank with making an illegal loan. The other theory is that the husband forged his wife's name to a note as principal, and put up her stock as collateral. Under the latter theory the bank might be liable in some way, which we do not now undertake to decide; but under the former theory it would not, as the wife had signed a blank indorsement on the stock certificate and put in her husband's power to hypothecate it for a loan of his own. "Where any one of several averments alleged in the alternative is insufficient, the entire pleading is rendered bad. In other words, where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is treated as pleading no more than the latter, because it must be construed most strongly against the pleader. *Fraser* v. *Smith & Kelly Co.*, 136 *Ga.* 18 (2) (70 S. E. 792); *Central of Georgia Ry. Co.* v. *Tapley*, 145 *Ga.* 792 (3) (89 S. E. 841); Anderson v. Minneapolis &c. R. Co., 103 Minn. 224 (114 N. W. 1123, 14 L. R. A. (N. S.) 886); 49 C. J. 97, § 91; 21 R. C. L. 451, § 15. In such case the defect may be reached by general demurrer; whereas, if both alternatives are good in substance, the petition might be subject to special demurrer for duplicity, but would not be subject to general demurrer. *Gainesville & Dahlonega El. Ry. Co.* v. *Austin*, 122 *Ga.* 823 (50 S. E. 983); *Central of Georgia Ry. Co.* v. *Banks*, 128 *Ga.* 785 (58 S. E. 352); *Harris* v. *Wilcox*, 7 *Ga. App.* 121 (66 S. E. 380)." *Doyal* v. *Russell*, 183 *Ga.* 518, 534 (189 S. E. 32). Construing the petition as alleging that the husband borrowed the money on his own note, following the same rule of construction, the petition must be construed as alleging that the title to the stock certificate, signed in blank by petitioner, was in the husband and not in petitioner. This brings us to the point of discussing and ruling on the issues of law involved by the general demurrer to the petition as so construed.

■ Under the allegations of the petition the delivery of the stock certificate, transferred in blank to the husband, amounted to a transfer to the husband of the title to the certificate. It was not a sale; and whether it be called a loan, or a gift for a speci-

fied purpose, the result is the same. *Bryan* v. *Duncan,* 11 *Ga.* 67; *Pournell* v. *Harris,* 29 *Ga.* 736.

■ The transfer of such a stock certificate in blank carries with it the presumption that the one in possession thereof has the right to dispose of it, and he may fill in the blanks. 14 C. J. 675, 676; *Roth* v. *Donnelly Grocery Co.,* 8 *Ga. App.* 851 (70 S. E. 140); *Wilkes* v. *Pope,* 4 *Ga. App.* 36 (60 S. E. 823); Code, § 22-706; *Georgia Casualty Co.* v. *McRitchie,* 45 *Ga. App.* 697, 699 (166 S. E. 49); *Bank of Culloden* v. *Bank of Forsyth,* 120 *Ga.* 575 (5) (48 S. E. 226, 102 Am. St. R. 115); *Murray v. Lardner,* 2 Wall. 110 (17 L. ed. 857); Brown *v.* Spofford, 95 U. S. 474 (24 L. ed. 508); Vaughn *v.* Johnson, 20 Idaho, 669 (119 Pac. 879, 37 L. R. A. (N. S.) 816); *Fulton National Bank* v. *Moody,* 51 *Ga. App.* 179 (179 S. E. 831). Where a married woman transfers stock in blank and gives it to her husband, the same presumption exists. *Mack* v. *Pardee,* 39 *Ga. App.* 310 (147 S. E. 147).

■ Married women are as bound by estoppel as other persons. *Wootten* v. *Braswell,* 48 *Ga. App.* 312 (172 S. E. 679); *Southern Mutual Building & Loan Asso.* v. *Perry,* 103 *Ga.* 800 (30 S. E. 658); *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (3) (79 S. E. 576); *Stuckey* v. *Watson,* 166 *Ga.* 69 (142 S. E. 536); *Pitts* v. *Temple Banking Co.,* 169 *Ga.* 226 (150 S. E. 89); *Roland* v. *Wilkinson-Bolton Co.,* 165 *Ga.* 194 (140 S. E. 368); *Dunson* v. *Harris,* 45 *Ga. App.* 450 (164 S. E. 910); *Aronoff* v. *Woodard,* 47 *Ga. App.* 725 (171 S. E. 404); *DeLoach* v. *Sykes,* 169 *Ga.* 465 (150 S. E. 591).

■ A transferee in blank has the right to have new scrip issued in his own name. *Hardman* v. *Barrow,* 147 *Ga.* 617 (95 S. E. 209); McNeil *v.* Tenth National Bank, 46 N. Y. (1 Sick.) 325 (7 Am. R. 341).

■ From what has been said it follows that the title to the stock certificate passed to the defendant bank to secure the $30,000 loan. As the stock is treated as having been transferred to Mr. Groover under the allegations of the petition, the stock is treated as transferred to the bank by delivery. Mr. Groover could have had his name inserted in the blank transfer either before the bank made the loan or afterwards, and could have had a new certificate issued to him as owner. The bank could have

treated Mr. Groover as owner of the stock, and with impunity could have assisted him as it did in getting the stock transferred. It could have done this without the authority of the alleged forged letter. Even if the transfer on the books of the company was not an impotent, unnecessary act, the fact that the defendant bank might have considered a forged letter as authority for its participation in the matter, which participation was based on ample legal authority outside of the forged letter, it cannot be held liable for a conversion of the stock. Mrs. Groover has no right of trover against it, because she is estopped as to the bank to claim that the title is in her; and unless she can show that the legal title is in her, she has no basis for a trover action. If, as we have held, the bank had the right, without the forged letter, to have the stock put into Mr. Groover's name, as his agent, the title passed to Mr. Groover and then to the Citizens & Southern Bank by reason of the initial act of Mrs. Groover in placing it in her husband's power to injure either herself or third persons.

■ Under our construction of the petition, the contention of counsel for Mrs. Groover that the husband acquired no title to the stock has already been answered. As between him and his wife he may not have acquired such title, but as between her and the bank he did acquire it. Their contention that the defendant bank had no title to the stock, because Mrs. Groover did not borrow the money, has also been answered above. As we see the case, the only theory on which she had a right of action was that her husband pledged her stock to secure a note to which her name was forged. In the face of a general demurrer this court has to construe such a theory out of the petition, as heretofore shown. The contention that even if there were a valid pledge of the stock to the bank, the plaintiff had a sufficient legal title to maintain an action of trover for its conversion, is not well taken as against the pledge, where it is not shown that the legal title did not go into the pledgee under the terms of the original pledge, and where it is not shown that the pledgee did anything it did not have a perfect legal right to do. We have shown that Mr. Groover had the right to transfer the stock to himself without the aid of the forged letter; and consequently the bank could have had it done for him as his agent. The contention that the bank as agent of the husband was liable for the conversion of the wife's property,

however innocent it may have been, is not well taken, because the wife is estopped to complain because of her act in putting it in her agent's power to do as he pleased with her property. The contention that the transfer of the stock in blank was not the proximate cause of the act of the bank in procuring the transfer of the stock to Mr. Groover is not well taken, because, as the petition is construed, the stock is treated as transferred to him, and he pledged it as his to secure his loan. This statement also answers the contention that a wife can not pledge her stock to secure her husband's debt. The contention that Mrs. Groover loaned the stock to her husband for the purpose of borrowing money to pay his debts is not well taken, because the alleged purpose of the transfer was to enable the husband to borrow money with which to buy an interest in a partnership. There does not appear to have been a debt of the husband in existence when the transfer was made, and there could be no question of suretyship involved. The court erred in overruling the general demurrer to the petition.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*