26099. SAVANNAH BANK & TRUST CO. *v.* GROOVER.

DECIDED JULY 15, 1938.

*William L. Clay, Travis & Travis,* for plaintiff in error.

*O. E. Bright, Perry Brannen, Lawton & Cunningham,* contra.

FELTON, J. ■ On certiorari the Supreme Court *(Groover* v. *Savannah Bank & Trust Co.,* 186 *Ga.* 476, 197 S. E. 217) reversed the judgment of this court, *Savannah Bank & Trust Co.* v. *Groover,* 56 *Ga. App.* 27 (192 S. E. 49), in which this court held that the trial court erred in overruling the general demurrer to the petition. The former judgment of this court is hereby vacated, and the judgment of the trial court overruling the general demurrer to the petition is affirmed.

■ In view of the foregoing, it is necessary to rule on certain other assignments of error. There was no error in overruling special demurrer 13, contending that the petition should have alleged whether the petitioner received from the Citizens and Southern Bank the proceeds of the sale of her stock in excess of her husband's loan. If the bank contends that Mrs. Groover is estopped in this case, it is a matter of defense.

a. For reasons given in the original opinion it was error to overrule the special demurrers to paragraphs 12 and 13 of the petition.

b. It was error not to strike from the petition, on timely motion in writing, paragraphs 8 and 9 as being surplusage, impertinent matter, and irrelevant as pleading in a trover suit.

c. There was no error in overruling the other special demurrers to the petition, for any reason assigned.

While nothing can or should be said in defense of the errors we are adjudged to have made, we deem it proper to state that we did not interpret the original briefs of the counsel for Mrs. Groover, or their motion and brief on rehearing in this court, as contending

for the theory upon which the case was finally decided. In their brief on motion for rehearing they stated the following: "In order to escape the charge of the conversion, the bank relies on the indicium of ownership being in Robert N. Groover, because he had in his possession the stock transferred in blank. This kind of defense would have been available to the bank if the loan had been made to Groover and if Groover had pledged the stock as his stock, but he did no such thing. The bank took the stock as Mrs. Groover's stock, and was not deceived into believing that it was Robert N. Groover's by reason of the blank transfer." If we are correct in our interpretation of the above statement, it indicates, if it does not expressly concede, the correctness of our opinion and judgment, in view of the interpretation we put on the petition. The judgment of the trial court overruling the general demurrer is affirmed. The judgment overruling the special demurrers to paragraphs 12 and 13 of the petition, and in refusing to strike paragraphs 8 and 9, is reversed. The judgment overruling the other special demurrers is affirmed.

*Judgment affirmed in part and reversed in part. Stephens, P. J., and Sutton, J., concur.*