28225.  DAVITTE v. ROCKMART BANK.

Decided April 18, 1940.  Rehearing denied June 17, 1940.

*William W. Mundy Jr., A. S. Clay, Hirsch, Smith & Kilpatrick, Louis Regenstein Jr.,* for plaintiff.

*John K. Davis,* for defendant.

Felton, J.   Mrs. Sara Watson Davitte sued the Rockmart Bank for the unlawful conversion of 25 shares of Douglas Aircraft stock. She alleged that on November 1, 1938, she borrowed $4463.33 from the bank and delivered as collateral 75 shares of Douglas Aircraft Corporation and 4 shares of common stock of the Coca-Cola Company, which indebtedness was evidenced by a promissory note, a copy of which was attached to and made a part of the petition. She alleged that as of April 6, 1939, all of her collateral, original and substituted, had been legally sold by the bank except the 25 shares herein described and that the balance due on her note was $1408.12, and that the bank, without notice to her and without giving her an opportunity to supply additional collateral, sold the stock through Fenner & Beane on April 11, 1939, at $55-7/8 per share.   She alleged that she was entitled to recover the highest value of the stock between the time of the conversion and the trial, but did not allege that such amount was or would be in excess of the balance due the bank on the note before the stock was sold.

The judge sustained a general demurrer to the petition, and dismissed the action. The plaintiff excepted.

The note to the bank provided: ". . having deposited herewith, as general security for the payment of this note and any and all other liability, . . 75 shares Douglas Aircraft certificate stock, . . and do hereby authorize and empower the holder hereof, . . on the non-payment of this note or any other such liability, to sell and transfer said property and collaterals, or . . at any broker's board, or at public or private sale, and without notice of intention to sell, or of the time or place of sale and without demand of payment of this note or of any such other liabilities. *Should the market value of the collaterals hereby or hereafter pledged depreciate in the judgment of the holder of this note, the undersigned hereby agrees to deposit on demand a further amount of collateral security satisfactory to the holder hereof, so that the market value shall always be at least 10 per cent. more than the amount of this note; and upon failure to comply with any such demand, this note shall, at the option of the holder, become due and payable forthwith, without notice, and the whole or any parts of said collateral securities or substitutes therefor . . may be sold as herein provided, at the option of the holder hereof."* (Italics ours.)

The note was due "on demand," and under the law and the terms of the note it was due immediately without demand on the party primarily liable (Code, § 14-701; 8 C. J. 406, § 602), and the note provided that on the non-payment of the note the holder could sell the collateral without notice and *without demand of payment of this note.* This means the non-payment *when due,* and the note here was due immediately after it was executed, and therefore sale of the collateral was authorized by the terms of the note. The provision of the note above first set forth in italics has no application under the facts of this case. The sole purpose is to give to the holder the right to accelerate the maturity of the note upon the maker's failure to increase collateral on demand. In this case the maturity could not be accelerated, because the note has been due since its execution. The petition therefore did not show a conversion, in that it shows on its face that the bank did not sell without authority. As shown above, the note authorized the sale of the collateral without demand of the payment of the note. The

provision is harsh, but it is unambiguous and must be given effect as written. It is not necessary to decide whether the petition was bad for other reasons. The case of *Groover* v. *Savannah Bank & Trust Co.*, 186 *Ga.* 476 (198 S. E. 217) is distinguishable from this case, because it was there alleged that the bank converted the stock without authority, and the petition did not show on its face that the bank was in fact authorized to act as it did in that case. Furthermore, the allegations in that case showed that the value of the stock was more than the amount for which Mrs. Groover was liable to the bank. In the present case the petition shows on its face that there was no conversion. It was not error to sustain the general demurrer and dismiss the action.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*