### PITTS *v.* SMITH.

A petition declaring that the defendant is indebted to the plaintiffs on an open account, a copy of which is thereto attached, and containing allegations consistent with the design of obtaining a judgment against him upon such account, but which also contains other allegations indicating a purpose to declare for damages arising from a breach by the defendant of a contract to furnish to the plaintiffs a specified collateral security for the payment by another of this identical account, is bad for duplicity.

Argued May 5, — Decided July 18, 1899.

Action on contract. Before Judge Hart. Jasper superior court. September term, 1898.

*James F. Rogers*, for plaintiffs.

*F. Jordan & Son* and *W. S. Florence*, for defendant.

LUMPKIN, P. J. The plaintiffs below, J. T. & J. W. Pitts, who in their petition describe themselves as merchants doing business in Newton county, begin their complaint by alleging that the defendant, W. Reed Smith, is "indebted to them in the sum of" $465.58, besides interest thereon "from Oct. 1st, 1897, on an open account, a copy of which" is attached to their declaration, and that he "became liable to them for the payment of said account in the following manner, to wit: In the spring of 1897, said Smith applied to [them] to get them to furnish certain tenants on the farm of said Smith their supplies to make a crop on his land for the year 1897," telling plaintiffs that "if they would furnish the said tenants . . their supplies to make a crop, he, said Smith, would transfer to petitioners his landlord's lien [therefor], which he agreed to take in writing from said tenants before any of the supplies were furnished," and that he "would waive all his rights as landlord, except his lien for rent of the land. . . They agreed with Smith to furnish said tenants their supplies on said contract, relying entirely on said contract and believing said Smith would transfer said lien to them any time they might. call on him to do so. . . Said tenants commenced to buy their supplies from petitioners on said contract, and bought from them supplies amounting to" $465.58. Subsequently, "they called on said Smith to transfer to them his landlord's lien for supplies as he had agreed to do, and he then refused to do so." In this

connection, plaintiffs further allege that "they will entirely lose their debt unless they can collect it out of said Smith," the tenants above referred to being insolvent, and he having "in some way got the entire crops from said tenants," so that plaintiffs are "unable to get any of it on their claim." In conclusion, they undertake to also assert "that if said Smith had complied with his contract and transferred the lien as. he agreed to do, they would have collected their entire debt, as the crops were sufficient to pay their claims and rent of land; . . that they relied entirely on said Smith's credit and rights as landlord being transferred in accordance with said contract in the sale of said goods; [and] that said Smith, through his breach of contract, is liable to them for damages to the amount of said account, which they sustained on account of refusal to do what he promised in taking and transferring said lien." By amendment the plaintiffs introduced into their petition the further allegations, "that the representation of W. Reed Smith to [them] as to transferring his landlord's liens to them was made by said Smith with the view of intentionally deceiving the plaintiffs, when he did not intend to transfer said liens; . . that said tenants were ready and willing to give said Smith the landlord liens, and the failure to transfer the same was wholly the fault of said Smith."

To this petition as amended the defendant demurred generally, because the allegations upon which the plaintiffs relied for a recovery were too "vague, indefinite, and obscure, and no cause of action" was set forth. By special demurrer, the defendant also raised the further objections, among others, that the facts alleged placed "the transaction fully within the statute of frauds," and that the plaintiffs sought to hold him liable "for non-performance in not delivering security promised, as well as upon open account," thus undertaking in setting out their alleged cause of action to join "a suit on a contract and a suit for damages, which is not permissible under the law." The sole question here presented is whether or not the trial court erred in sustaining the demurrer and dismissing the plaintiffs' petition.

Upon exactly what theory the plaintiffs based their alleged

right to recover is by no means clear under the somewhat inconsistent allegations of their petition. As to the most vital particular connected with the transaction to which they relate, it will be noted that these allegations tend rather to confuse than to enlighten. We refer to the doubt thereby suggested whether it was intended to allege that the plaintiffs sold goods to the defendant and to no one else, or to his tenants direct, he not being bound for the price thereof, upon his promise to take from them, in his capacity of landlord, written liens and thereafter transfer the same to the plaintiffs on demand. If the petition had distinctly alleged that the goods were sold to Smith upon his credit alone, with the understanding that the payment of his indebtedness therefor was to be secured in the manner just indicated, no doubt could have arisen as to the plaintiffs' right to sue him upon the open account thus created. But, as has been seen, the plaintiffs do not explicitly aver that the contract for the sale of their goods was made with Smith rather than with his tenants. Accordingly, upon the supposition that they intended merely to sue upon the account, we are of the opinion that their petition was, in the language of the demurrer, too "vague, indefinite, and obscure" to establish a cause of action of this kind. The next inquiry is, can this be treated as a good action for the breach of a contract to furnish a security? Some of the allegations certainly indicate a purpose to declare for damages thus arising; but the petition as a whole does not leave this matter certain and unequivocal, as it should have done. As will have been observed, there seems to have been as much effort to sue upon the account as upon the breach of a promise to take and transfer liens. The petition at its beginning says that the defendant is indebted to the plaintiffs "on an open account," a copy of which is attached, and that he became liable to them "for the payment" of this account; and the right is claimed to "collect it out of" the defendant. Elsewhere the petition declares, that the defendant did not comply with his promise to furnish the transferred liens, and that he is liable in damages for a breach of this contract. The prayer of the petition furnishes no aid in arriving at its true intent and meaning. It is merely that the defendant be re-

quired to appear and answer the petitioners'. "complaint." It does not ask that he be adjudged liable for an indebtedness upon the account, or for so much in damages upon the alleged breach of contract. If the petition were clear and unequivocal in its statement of the facts relied on for a recovery, the prayer would be sufficient; but as it is otherwise, the plaintiffs might have relieved it of some obscurity by at least praying in distinct terms for exactly what they wanted. At best, then, the petition has the vice of uncertainty, and it is the kind of uncertainty which is the equivalent of duplicity. While the demurrer, in so far as it seeks to point out this infirmity, is not as precise and specific as it might have been, it clearly enough brought to the attention of the plaintiffs the fact that, apparently, their petition was framed upon two distinct and inconsistent theories as to the manner and form in which the defendant's alleged liability to them arose, and called upon them to elect whether they would proceed against him as being indebted upon an open account, or as liable in damages for the breach of a contract entirely different from one arising upon an implied promise to pay for goods sold and delivered. A plaintiff owes to a defendant something more than a bare courtesy in respect to informing him as to the nature of the action the latter is called upon to defend; and as the court below treated the demurrer filed by Smith as sufficiently pointing out the omission of the plaintiffs in this particular, and they made no effort to amend, we are satisfied that no error was committed in dismissing their petition.

*Judgment affirmed. All the Justices concurring.*