## GODWIN v. GODWIN.

1. There is no law for probating a copy of a will, except where the will has been lost or destroyed after the death of the testator, or without his consent.

2. Where a petition was filed in the court of ordinary of one county, which on its face did not purport to offer the original will for probate, but affirmatively showed that the will had been propounded in the court of ordinary of another county by the person named as executor, and did not show that the proceedings thus begun had been terminated, or, that the court in which the original will was propounded had been determined to be without jurisdiction, the petition was demurrable.

3. The residence of the testator at the time of his death gives jurisdiction to the ordinary of that county to probate his will. A legatee can not have it probated in another county merely because the property devised is in the latter county and all of the parties in interest reside there.

Submitted May 25,—Decided August 10, 1907.

Petition for probate of will. Before Judge Mitchell. Grady superior court. March 6, 1906.

Bedie Godwin presented to the ordinary of Grady county a petition alleging as follows: Mary C. Godwin died on January 19, 1905, leaving an estate disposed of by will, petitioner being a legatee therein. The will has been offered for probate in common form in the court of ordinary of Decatur county, by W. B. Godwin, who is named as executor. The property devised is situated in Grady county, and all the parties at interest are residents of that county. The petitioner desires the will to be probated in solemn form, and prays that citation issue and that the will be probated. A copy of the will is attached. A demurrer was filed on the grounds, that the petition had only a purported copy of the will attached, with no facts shown which would authorize the establishment of a copy of the lost or destroyed original; because no statement of facts was made which would authorize the use of an established copy, if such copy existed; and because the original will has been propounded by the executor named therein for probate in the court of ordinary of Decatur county. The ordinary sustained the demurrer, and an appeal was taken to the superior court, where other grounds of demurrer were added, to the effect that the petition was not accompanied by the original will; that no properly authenticated copy of the probated will was attached to the petition; and that the will had been offered for probate in

the court of ordinary of Decatur county, and therefore was not within the jurisdiction of the courts of Grady county. Objection was made to this amended demurrer, on the ground that it was not an amendment but a new demurrer and could not be made on appeal. The objection was overruled. The demurrer was sustained, and Bedie Godwin excepted.

*A. E. Thornton,* and *J. Q. Smith,* for plaintiff. .

*M. L. Ledford,* and *R. R. Terrell,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.) The bill of exceptions recites that the defendant offered an amended demurrer, to which objection was taken, but that the court overruled the objection and allowed the amendment; and while the added demurrer did not in express terms state that it was an amendment, it was presented to the presiding judge as such, and allowed. But it is unnecessary to deal with the pleadings with technical nicety. Whether the original demurrer be considered alone (omitting some of it which is objectionable as 'speaking'), or whether it is considered in connection with the amendment, which developed the grounds of the demurrer more clearly, in either event the court did right to dismiss the petition for probate. There is no law for probating a copy of a will, except in cases of establishing a will lost or destroyed after the death of the testator, or without his consent. Civil Code, § 3289. Here the petition showed on its face that the will was not lost or destroyed, but had been offered for probate in another county by the executor named therein. If the court where the executor offered the will for probate was without jurisdiction, the proper proceeding would have been to make that point and have it adjudicated. If the objection was well founded, and was determined in favor of the objector, the will could be tendered for probate in the proper county. But while proceedings were pending in one county, or after the merits had been there adjudicated, the law furnished no authority for probating a copy of the will in another county. Moreover, the petition shows no jurisdiction in Grady county. It alleges that the property devised by the will is situated in Grady county, and that all parties at interest reside there; but it fails to show the jurisdictional fact that the testator resided there at the time of her death. Civil Code, § 3279. Grady county was created in 1905. A portion of the territory included in it was

taken from Decatur county. But the larger part of Decatur county was left unaffected, including the county site. It was not alleged that the testatrix resided, at the time of her death, in that part of Decatur county which was cut off and became a part of a new county; nor was any transfer of the case pending in Decatur county sought to be made to the proper court of the new county. A party in interest can not oust a court of its jurisdiction and transfer a case to another court which has no jurisdiction, at his mere option, by filing a petition in the latter court.

<em>Judgment affirmed. All the Justices concur.</em>