### BRIDGES *v.* DONALSON *et al.*

1 The petition as amended was not subject to the demurrer.

2. A petition to cancel a deed executed by a husband, and to subject to the payment of alimony the land thereby conveyed or the interest of the husband in the unpaid purchase-money for the land, was not multifarious, although it alleged a promise by the defendant-vendee to pay the balance of purchase-money to the wife-plaintiff, there being no attempt by her to enforce that promise.

Appeal and Error, 4 C. J. p. 1108, n. 74; p. 1213, n. 83.
Deeds, 18 C. J. p. 434, n. 84, 86.
Divorce, 19 C. J. p. 319, n. 3; p. 320, n. 12, 23, 27.
Equity, 21 C. J. p. 411, n. 29; p. 415, n. 73.
Insane Persons, 32 C. J. p. 760, n. 66.
Trial, 38 Cyc. p. 1632, n. 10; p. 1707, n. 98; p. 1877, n. 15; p. 1878, n. 17, 18, 19; p. 1901, n. 42, 43; p. 1902, n. 48, 49.

3. Properly construed in view of the pleadings, the evidence, and the charge to the jury, the verdict was not void for uncertainty, although it contained no finding of the amount of alimony.

4. Refusal to exclude testimony of the State of the husband's mind five months after executing the deed to the defendant was not error.

5. It was not error to refuse to give to the jury a requested instruction not properly adjusted to the facts of the case.

6. The verdict was not without support of evidence.

No. 6012. NOVEMBER 19, 1927.

Equitable petition. Before Judge Custer. Decatur superior court. April 23, 1927.

On May 30, 1925, Mary L. Donalson filed her equitable petition against O. H. Donalson and R. L. Z. Bridges. The substantial allegations of this petition are set forth in the opinion rendered by this court when the case was formerly here. *Donalson* v. *Bridges,* 162 *Ga.* 502 (134 S. E. 302). This court then reversed the judgment of the lower court sustaining a demurrer to the petition. When the case went back the plaintiff amended by alleging, that, while the deed mentioned in the original petition recites a consideration of $1500, Bridges actually paid to O. H. Donalson only $750, and promised him to pay the remainder to petitioner, which he never did; and that, if Donalson had been mentally capable of making said conveyance, there would be a balance due on the consideration of $750, with interest from May 6, 1925. She prayed, (a) that, should said deed not be canceled, she have a judgment in rem against said land for the unpaid purchase-money, with interest; (b) that, should said deed be canceled, the court appoint a commissioner to sell said land, and that from the proceeds of the sale the amount paid by the purchaser be refunded to Bridges, with interest, less the value of the rents received by him; and that the remainder be awarded to petitioner for alimony. By another amendment the plaintiff made these allegations: Bridges has damaged her in the sum of $5000, by suing out a warrant to evict O. H. Donalson as his tenant, and by evicting plaintiff thereunder; and by suing out a distress warrant against O. H. Donalson, and having it levied upon 200 bushels of corn and 20 bales of hay, when he knew that said corn and hay were not the property of Donalson, but of plaintiff and her children, and that Donalson was not his tenant. Owing to her poverty she was unable to replevy the corn and hay, which were reasonably worth $215, and she was thereby deprived of the

same for bread for herself and her children, and was rendered unable to make a crop the following year, as she was left without anything to go on. Since that time Bridges wrongfully has been in possession of the land, which was reasonably worth $125 per annum for rent. At the time of the eviction petitioner had cut all the stalks on the land and had broken up 25 acres preparatory to making a crop during the year 1926; and the labor so performed was reasonably worth $50. By reason of said unlawful eviction she was forced to move into the house of her father, where she has since been, without any money or anything to go upon. She prayed judgment for her said damages.

Both amendments were allowed. To the petition as amended Bridges demurred upon the grounds, (a) that the petition is multifarious, in that separate and distinct causes of action against separate and distinct parties are sought to be joined in the same suit; and (b) that said petition contains a misjoinder of causes of action, in that alimony, cancellation of a deed, recovery of balance of purchase-money of land, and recovery for personal injuries are sought in one and the same suit. The court struck the amendment last mentioned, and overruled the demurrer as to the rest of the petition as amended. Bridges excepted pendente lite. The jury returned a verdict that the deed from O. H. Donalson to Bridges be canceled, that the property be sold, that Bridges be paid $1203.50 from the proceeds of the sale. Bridges moved for a new trial, and to a judgment overruling this motion he excepted, assigning error also on the ruling on the demurrer. In the motion for new trial it is complained that the verdict "is contrary to and not in accord with the issues made by the pleading and evidence in said case and not in accord with the charge of the court, in that the plaintiff sued for alimony and before a verdict could be found setting aside the deed in controversy it was necessary under the facts, the law, and the court's charge for the jury to find that the plaintiff was entitled to alimony for the support of herself or her children, and in what sum." Other grounds of the motion appear in the fourth and fifth paragraphs of the opinion.

*M. E. O'Neal* and *Vance Custer Jr.,* for plaintiff in error.

*P. D. Rich,* contra.

HINES, J. 1. When this case was formerly before this court, the judgment of the court below, sustaining a demurrer to the

original petition, was reversed. *Donalson* v. *Bridges,* 162 *Ga.* 502 (supra). This was a holding that the original petition set out a cause of action; and it necessarily follows that the trial judge did not err in overruling the demurrer to the petition as subsequently amended, unless the petition was rendered subject to demurrer by the new matter contained in an amendment which was offered and allowed subsequently to the decision referred to above.

2. The defense of multifariousness is not a favorite of the law. *Martin* v. *Brown,* 129 *Ga.* 562, 568 (59 S. E. 302). The purpose of the petition being to subject the land in controversy, or the interest of the husband therein, to the payment of the wife's alimony, the petition as thus amended was not rendered multifarious. It prayed for cancellation of the deed from the husband to Bridges, and the subjection of the land thereby conveyed to the payment of the alimony, or for the alternative relief of having the interest of the husband in the unpaid purchase-money of the land subjected to the payment of alimony. While in this amendment the wife alleges that Bridges had promised her husband to pay to her the balance of the purchase-money due, the wife, under the petition as amended, properly construed, was not seeking to enforce such promise, but to subject the balance of the purchase-money due to her husband by Bridges on this land to the payment of her claim for alimony, if the deed to Bridges should not be canceled and the land thereby conveyed subjected to the payment of alimony. As the second amendment was stricken by the court in the judgment overruling the demurrer to the petition as amended, it is unnecessary to determine whether this amendment rendered the petition as thus amended multifarious. The same case may be presented in a dual aspect leading up to the same remedy, or, upon a proper allegation of facts, there may be an alternative prayer without subjecting an equitable petition to demurrer on account of multifariousness. *Chamblee* v. *Atlanta Brewing & Ice Co.,* 131 *Ga.* 554, 563 (62 S. E. 1032) ; *National Life Insurance Co.* v. *Beck & Gregg Hardware Co.,* 148 *Ga.* 757 (4) (98 S. E. 266).

3. Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity. Civil Code (1910), § 5927. Verdicts will be construed in the light of the pleadings, the issues made by the

evidence, and the charge of the court. *Harvey* v. *Head,* 68 *Ga.* 247; *Seifert* v. *Holt,* 82 *Ga.* 757 (9 S. E. 843). In her original petition the plaintiff sought to have canceled the deed from her husband to Bridges, because her husband was mentally incapable of executing it; to obtain permanent alimony; and to have the land awarded to her for said purpose, or charged therewith. In an amendment she alleged that Bridges had not paid to her husband the full amount of purchase-money called for in said deed; and she prayed that, should said deed not be canceled, she have a judgment in rem against said land for the unpaid purchase-money, with interest, and, should said deed be canceled, that the court appoint a commissioner to sell the land, that the proceeds of the sale be used first for refunding to Bridges the amount he had paid for the land, with interest, less the value of rents received by him, and that the remainder be awarded to her for alimony. The court instructed the jury that before they could render a verdict for the plaintiff they must find that she was entitled to alimony. The deed from the husband to Bridges discloses that Bridges was to pay for this land $1500, and the evidence showed that he had only paid $1275 on the purchase-money. Properly construed in view of the pleadings, the charge of the court, and the evidence, the jury by their verdict intended to find that the above deed should be canceled because of mental incapacity of the husband to execute it, that the land should be sold, that Bridges be paid from its proceeds the amount which he had paid on its purchase-money, and that the remainder of the proceeds of the sale should be awarded to the plaintiff as alimony. In these circumstances the failure of the jury to find the amount of alimony awarded does not render the verdict void for uncertainty; and the verdict is in accord with the issues involved.

4. In the second special ground of the motion for new trial, the movant complains that the court refused to exclude from the jury the testimony of a witness for the plaintiff touching the state of the husband's mind five months after the deed sought to be canceled had been executed. In order to ascertain the grantor's mental condition at the time he executes a deed, it is permissible to receive evidence of the condition of his mind for a reasonable period both before and after that time. *Terry* v. *Buffington,* 11 *Ga.* 337 (56 Am. D. 423); *Adams* v. *Cooper,* 148 *Ga.* 339 (96

S. E. 858); 32 C. J. 760, § 564, 2. In view of the above principle, the court did not err in refusing to rule out the above testimony.

5. Counsel for Bridges timely requested in writing the court to give to the jury the following instruction: "The law does not restrict a transfer by a husband of his property, made bona fide and for value, prior to the institution of a divorce suit, but is operative only on conveyances by the husband made during the pendency of such a suit. Nor is there any restriction placed upon the husband's right to dispose of his property during separation from his wife pending a suit for permanent alimony. I charge you that in the case at bar there is no prayer for divorce, but merely a prayer for permanent alimony, and that there was no restriction upon Donalson's right to convey the property if you should find that he was mentally capable of so doing." A request for instruction to the jury must be correct as a whole. It should be perfect in itself, or the court should refuse it. *Gardner* v. *Granniss,* 57 *Ga.* 539 (15); *Etheridge* v. *Hobbs,* 77 *Ga.* 531 (4) (3 S. E. 251). This request was not properly adjusted to the facts of the case, and the language, "Nor is there any restriction placed upon the husband's right to dispose of his property during separation from his wife pending a suit for permanent alimony," was too broad, as it excluded the elements of good faith and value. When a suit for divorce and alimony is pending or is prospective, the husband can not dispose of his property to another for the purpose of defeating the recovery by his wife of alimony, if such purpose is known to the party taking, or he has reasonable grounds to suspect that the husband intends to accomplish this purpose by his conveyance. *Gray* v. *Gray,* 65 *Ga.* 193; *Parker* v. *Parker,* 148 *Ga.* 196 (97 S. E. 211); *Donalson* v. *Bridges,* supra.

6. After a careful review of the evidence we can not say that the verdict is without evidence to support it.

*Judgment affirmed. All the Justices concur.*