## PHILLIPS, administratrix, v. HIGHTOWER.

No. 13414. SEPTEMBER 26, 1940.

*P. Z. Geer,* and *W. L. Stone,* for plaintiff.

*A. H. Gray,* for defendant.

DUCKWORTH, Justice. ■ The first question is whether the demurrer attacking the petition for duplicity was properly sus¬ tained. The petition sought to enjoin execution of a power of sale contained in a security deed, and cancellation of the deed and notes secured thereby. The amended petition, which contained but a single count, alleged that the indebtedness secured by the deed had been paid in full, and specified the mode and method of payment. It was also alleged that the question of payment had been an issue in a former case between the parties, that this issue had been determined in favor of the plaintiff, and that the judgment in the former case estopped the defendant from asserting that the indebtedness had not been paid. It is not insisted that the petition is duplicitous in the sense that it attempts to assert inconsistent theories for recovery of the relief sought, or that the allegations are in themselves contradictory, but that the count is double in that it contains two grounds of action to enforce a single demand. In *Orr* v. *Cooledge,* 117 *Ga.* 195, 205 (43 S. E. 527), quoting from 7 Enc. Pl. & Pr. 237, it was said: "A declaration is duplicitous when it contains in the same count more than one fact, or set of facts, for the recovery of a single demand, any one of which would' justify the recovery." In *Groover* v. *Savannah Bank & Trust Co.,* 186 *Ga.* 476, 478 (198 S. E. 217), it was stated: "Duplicity may also be defined as joining in the same count two or more distinct demands, consistent or inconsistent, any one of which would author- ize a recovery." The quoted definitions are relied on as supporting the demurrer. However, they should not be taken to mean that the mere diversity of facts set up in a count will render it double when all the facts taken together tend to the statement of one point

or ground of recovery. For instance, in the instant case, if the security deed had been void for a number of reasons, it would not have rendered the petition duplicitous to state all of these reasons in the same count. See *Chamblee* v. *Atlanta Brewing & Ice Co.,* 131 *Ga.* 554, 563 (62 S. E. 1032); *Echols* v. *Green,* 140 *Ga.* 678 (4) (79 S. E. 557); *Bridges* v. *Donalson,* 165 *Ga.* 228 (140 S. E. 497); *Smith* v. *McWhorter,* 173 *Ga.* 255 (3) (160 S. E. 250). The instant petition was demurred to because it alleged payment of the indebtedness and estoppel by judgment to deny such payment. These allegations merely amounted to the assertion of one thing, payment. Such allegations constituted only a single "set of facts" for recovery of the relief sought. It was therefore error to sustain the demurrer on the ground that the petition was duplicitous.

■ Did the petition allege sufficient facts to show an estoppel by judgment? The parties to the two cases are the same, with the exception of a nominal party to the first case. However, the two cases are not based upon the same cause of action. In the case relied upon as an estoppel the plaintiff sought to enjoin the defendant from evicting him from the land under a dispossessory warrant. In the present case he seeks to enjoin a sale of the land under a security deed. "A judgment rendered in litigation between the same parties is not conclusive in a subsequent suit between them on a different cause of action, except as to issues actually made and determined in the former litigation." *Worth* v. *Carmichael,* 114 *Ga.* 699 (40 S. E. 797); *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650). The burden is on the one asserting the estoppel to show that the issue was actually made and determined in the former case. It appears from the pleadings in the first case, which are attached to the petition in the instant case, that the defendant claimed title to the land under a warranty deed to her, alleged to have been executed by the plaintiff in 1928. She claimed to have obtained possession of the land under the warranty deed, and to have rented it to the plaintiff in 1933. The plaintiff asserted that the warranty deed was either a forgery or was void because it was fraudulently obtained, and claimed title in himself. It is apparent that the chief issue in that case was whether or not the defendant's warranty deed was valid. Under the pleadings the verdict and decree in favor of the plaintiff

was necessarily a finding against the validity of the warranty deed. See *Hightower* v. *Phillips*, 184 *Ga.* 532 (192 S. E. 26). The plaintiff alleges in the present suit that it was also determined in the first suit that the indebtedness secured by the security deed had been fully paid. This security deed was executed by Mrs. Emma Phillips, the wife of the plaintiff, to the Bank of Kestler, in 1919. Mrs. Phillips died intestate in 1923, leaving the plaintiff as her sole heir. There was no administration of her estate, but the plaintiff alleged that he had paid all of her debts, and claimed title by inheritance from his wife. The defendant introduced in evidence on the first trial the security deed from the plaintiff's wife to the Bank of Kestler, which she claimed to have paid in 1928 as part of the consideration of the warranty deed to her.

The plaintiff in error contends that the fact that defendant held a security deed would have been sufficient to demand a verdict for the defendant in the first case, unless the jury found that the debt had been paid. This contention is based upon the theory that the defendant would have been entitled to maintain an ejectment suit to evict the plaintiff under her security-deed title if the past-due indebtedness had not been paid. However, under the pleadings in the case, the mere introduction of the security deed and notes in evidence for the purpose of showing the consideration of the alleged warranty deed was not in itself sufficient to bring in issue the question of the defendant's rights under the security deed. If the question of payment was presented and determined in the first case, it was by reason of the allegations and proof with reference to the arrangement whereby the plaintiff turned the farm over to the holder of the security deed to work out the debt. The plaintiff alleged in his petition in the first case that after his wife's death the defendant's husband claimed quite a large debt agaist her for himself or his wife, and that in order to pay this debt he entered into an arrangement with the Hightowers for them to take the farm and collect the rents; and that they retained control and management of this farm under this arrangement for about seven years, and until the alleged debt was extinguished from profits realized from the operation of the farm. This debt is alleged to be the debt secured by the security deed now sought to be enjoined and canceled. Thus, in effect, the plaintiff admitted that the farm had been turned over to the defendant to work out the debt,

and that she was entitled to possession of the land until the debt was satisfied. He asserted that he regained possession of the land after the debt was satisfied. The defendant admitted that she had possession of the farm from the date of her warranty deed in 1928, and alleged that she had rented it to the plaintiff in 1933. It appears that the plaintiff had by his pleadings shown that he was not entitled to an injunction unless the indebtedness for which he had turned the farm over to the defendant had been paid. It thus became necessary for him to prove payment of the debt. The petition in the instant case contains excerpts from the testimony tending to show that the plaintiff did attempt to prove that the farm was turned back to him as the result of the satisfaction of the debt. In view of the plaintiff's admission that he was not entitled to possession of the farm unless the debt had been paid, the jury could not have rendered a verdict for the plaintiff without passing upon the question of payment. The allegations of the petition in the present case were therefore sufficient to allege an estoppel by judgment on the question of payment, and it was error to sustain a demurrer to this portion of the petition. For the reasons stated in this and the preceding division of the opinion, the court erred in overruling the plaintiff's exceptions to the auditor's findings of law.

Since the erroneous rulings of the auditor upon the pleadings had the effect of denying the plaintiff the right of attempting to prove the major portions of his case, they rendered the further proceedings before him nugatory. Therefore this court will make no ruling upon the other assignments of error.

*Judgment reversed. All the Justices concur.*