HIGHTOWER *v.* PHILLIPS, administratrix.

BELL, Justice. 1. Where several exceptions are taken to an auditor's report, and to these exceptions is attached a common exhibit which is separately referred to in each exception, the rule that the exceptor must set forth in connection with each exception the evidence or other matter necessary to be considered or attach the same as an exhibit, so that each exception will be complete within itself, is not violated because the exhibit is not attached to each exception separately, where each exception within itself adopts the exhibit as fully and completely as if it were attached separately to each one of them. The fact that some or all of the exceptions may refer to the same and only exhibit does not make any one of such exceptions incomplete within itself or commingle them so as to create confusion or uncertainty. In such case no exception depends upon any other exception, even though each may depend upon the same common exhibit for its own completeness. To require that the exhibits should be separately attached to each exception would result in needless repetition, since reference in each exception to a common exhibit will as effectually and clearly present the contention of the excepting party as if such exhibit were attached to each exception separately. See *Mohr-Weil Lumber Co.* v. *Russell,* 109 *Ga.* 579 (5) (34 S. E. 1005).

2. The practice indicated above as to one exhibit would also be permissible where, as in the present case, not one but several exhibits were attached in common, and different exceptions referred separately and directly to them or to some of them, since each such exception adopted for its own reference the particular exhibits pertinent thereto. The rulings made in this and the preceding note accord with the decisions cited for the plaintiff in error, including *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874); *Armstrong* v. *Winter,* 122 *Ga.* 869 (50 S. E. 997); *Fuqua* v. *Hadden,* 192 *Ga.* 654 (16 S. E. 2d, 728).

3. There was no substantial merit in the motion to dismiss the exceptions.

4. The ruling of this court on the former appearance of this case (*Phillips* v. *Hightower,* 190 *Ga.* 785, 10 S. E. 2d, 854), that "The jury could not have rendered a verdict for the plaintiff without passing upon the 'question of payment," was not obiter dictum as related to estoppel by judgment pleaded by the plaintiff, and as then being considered by this court on demurrer; but such ruling constituted a construction of the petition as amended, and became the law of the case. *City Council of Augusta* v. *Thomas,* 159 *Ga.* 435, 445 (126 S. E. 144); *Willingham*

*Stone Co.* v. *Whitestone Marble Co.*, 36 *Ga. App.* 230 (2) (136 S. E. 180) ; 15 C. J. 952; 21 C. J. S. 314; 14 Am. Jur. 298.

5. The evidence introduced before the auditor demanded a finding in favor of the plaintiff upon such issue of estoppel by judgment, the allegations in reference thereto having been established without dispute fully as pleaded. While the evidence for the defendant might have shown that as a matter of fact the debt had not been paid, it did not rebut or tend to rebut the evidence for the plaintiff on estoppel by judgment as to the question of payment, under the ruling of this court in *Phillips* v. *Hightower*, supra. It follows that the auditor's findings against the plaintiff on the issue as to estoppel were subject to exception as being contrary to the evidence and without evidence to support them. *Henderson* v. *Lott*, 170 *Ga.* 261, 263 (3) (152 S. E. 98).

6. The rulings of the judge sustaining the plaintiff's exceptions to the auditor's findings of fact being correct as to the effect of the evidence as a whole, it is immaterial whether he may have erred in sustaining exceptions to the rulings of the auditor admitting a part of the evidence for the defendant referred to in the preceding note.

7. The assignments of error do not raise any question as to whether the exceptions to the auditor's findings of fact should have been referred to a jury for a verdict thereon (which under the preceding rulings the judge might have directed), instead of being sustained by decree without a verdict. See *Adams* v. *Bishop*, 42 *Ga. App.* 811 (5) (157 S. E. 523). Nor do they raise the question of practice dealt with by this court in *Holton* v. *Lankford*, 189 *Ga.* 506 (6 S. E. 2d, 304).

*Judgment affirmed. All the Justices concur.*

No. 13932. FEBRUARY 10, 1942.

*A. H. Gray,* for plaintiff in error.
*P. Z. Geer* and *Lowrey Stone,* contra.