## SALIBA *v.* SALIBA.

578

No. 15644. NOVEMBER 14, 1946.

H. A. Wilkinson, W. L. Ferguson and R. R. Jones, for plaintiff in error.

Farkas & Burt, contra.

JENKINS, Presiding Justice. This court has repeatedly ruled that the defect of duplicity in pleadings can be taken advantage of only by special demurrer. *Johnson* v. *Edwards*, 147 *Ga.* 438 (94 S. E. 554); *Waldrup* v. *Central of Ga. Ry. Co.*, 127 *Ga.* 359 (56 S. E. 439); *Citizens & Southern Bank* v. *Union Warehouse Co.*, 157 *Ga.* 434, 456 (122 S. E. 327); *Elrod* v. *Anchor Duck Mills*, 50 *Ga. App.* 531, 534 (179 S. E. 188). The special demurrer in the instant case complains both that the petition is duplicitous, and that the two inconsistent allegations are set forth only in the alternative. While this court appears to have sometimes dealt with cases involving alternative pleading as though the defect was somewhat different in character from strict and technical duplicity (*Groover* v. *Savannah Bank & Trust Co.*, 186 *Ga.* 476, 478, 198 S. E. 217), the two defects are at least so nearly akin that pleadings defective as being stated in the alternative can fairly be so treated as duplicitous. See *Pitts* v. *Smith*, 108 *Ga.* 37, 40 (33 S. E. 814), where this court said: "At best then the petition has the vice of uncertainty, and it is the kind of uncertainty which is the equivalent of duplicity." So far as the present case is con-

cerned, the defendant demurs specially to the petition as being duplicitous, and also as stating its allegations only in the alternative. In view of the rule that the vice of duplicity, or alternative pleadings can be reached only by special demurrer, the petition was not bad as against general demurrer, since either of the two alternative theories set forth was good in substance. The facts having been stated only in the alternative, had either of the two theories been insufficient, a different rule would apply, and the petition would not in that event have been good even as against general demurrer (*Doyal* v. *Russell,* 183 *Ga.* 518 (5), 189 S. E. 32; *Groover* v. *Savannah Bank & Trust Co.,* 186 *Ga.* 476 (2), 478, supra) ; this, on the theory that pleadings must be construed most strongly against the pleader, and since neither theory is specifically presented as being the one on which a recovery is sought, the petition taken as a whole would be construed according to the weaker of the two alternative theories set forth.

We think, however, that the special demurrer was good. In *Wood* v. *Achey,* 147 *Ga.* 571 (1) (94 S. E. 1021), this court said: "In a proceeding under this law [Code, § 113-611], *it is material whether the original was lost subsequently to the death or destroyed without the consent of the testator during his life;* and a petition to establish and probate a copy of an alleged original under the provisions of the Code section cited, which does not allege whether the will was lost after the death of the testator, or that it was destroyed during his life without his consent, and does not allege any facts showing the manner of the loss or destruction of the original, is subject to demurrer." (Italics ours.) It is true that in the *Wood* case, an examination of the record discloses that in that case the petition merely set forth that the will had been lost or destroyed and could not be produced, and therefore the petition was manifestly subject to even general demurrer, since, so far as the petition went, the will might even have been destroyed by or with the consent of the testator. The court in its ruling, however, laid down what appears to be a plain specific and correct rule to the effect that it is important to allege whether the alleged will was destroyed before or after the death of testator, and that consequently a petition framed in one count, which fails to take one position or the other, is subject to special demurrer. It is only under the provisions of the Code section quoted in the first headnote that an action

of the character here involved can be maintained. *Godwin* v. *Godwin,* 129 *Ga.* 67 (58 S. E. 652). Not only does the *Wood* case furnish authority for the rule that it is important to know which of the two theories is relied on; but the rule there announced can be sustained by sound reason. Different principles of law are involved. It is true enough, as set forth by the Code, and as recognized by this court in *Scott* v. *Maddox,* 113 *Ga.* 795, 798 (39 S. E. 500, 84 Am. St. R. 263), that "When a will can not be found after the death of the testator, there is a strong presumption that it was destroyed or revoked by the testator himself, and this presumption stands in the place of positive proof. He who seeks to establish a lost or destroyed will assumes the burden of overcoming this presumption by adequate proof. It is not sufficient for him to show that persons interested to establish intestacy had an opportunity to destroy the will. He must go further and show, by facts or circumstances, that the will was actually fraudulently or accidentally lost or destroyed, against, and not in accordance with, the wishes and intention of the testator." But it is also true, as was shown by this court in *Harris* v. *Camp,* 138 *Ga.* 752 (3) (76 S. E. 40), that while the Code, § 113-611 is awkwardly expressed, the rule is that such a universal presumption may be rebutted in a number of ways: first, by proof that the will was lost or destroyed *subsequently* to the death of the testator—when this is done the presumption of revocation is ipso facto destroyed, since a dead man can not destroy and therefore will not be presumed to have destroyed a will which is shown to have been in existence after he died; or second, the presumption of revocation may be overcome by showing that the will was destroyed *prior* to his death, provided however it be *also* shown, for example, that the testator did not have possession of the instrument after its execution, or that while the will was still in existence he had lost his testamentary capacity to annul the same, and that such mental incapacity continued up to the time of his death. Whether any of these varied and conflicting theories might be proven under a mere general allegation that the alleged will was destroyed without the consent of the testator—even though the defendant should by timely special demurrer insist that he be put on notice as to which of the two theories authorized by the Code constitutes the real ground of the plaintiff's contention—is a question not presented by the record in the present case, since such

is not the allegation. But without making any decision on pleadings other than as actually presented, it might be remarked that, if under such a mere general allegation either inconsistent theory of recovery authorized by the Code could be shown—that is, that the probata would in either event correspond to the allegata—then it might seem necessarily to follow that such a general allegation itself must be taken to include both of the contradictory theories; and if so, that would not be permissible, as against special demurrer. But, as remarked, such a question is not before us, for here the plaintiff does not confine himself to any such general allegation, but has attempted to split up the different but contradictory theories which he might have under the Code section, by claiming the benefit of each, but without actually alleging either, since he merely claims one or the other in the alternative without saying which—therefore without claiming either. As was recently said by this court in *Peterson* v. *Lott,* 200 *Ga.* 390 (37 S. E. 2d, 358): "Any pleading that contains material allegations of fact which are self-contradictory necessarily violates two general rules of pleading—first, in that one or the other of such allegations must be untrue; and second, in that the two together leave it uncertain as to which of them, if either, is in fact true." We do not mean however to hold that, if the two theories of recovery set up by the petition in this case were not *inconsistent,* and the plaintiff had alleged both as grounds for recovery, it would have made the petition bad on the ground of duplicity. *McMillan* v. *Heard Natl. Bank of Jacksonville,* 19 *Ga. App.* 148, 151 (91 S. E. 235). We say this, notwithstanding the dictum quoted with approval in *Orr* v. *Cooledge,* 117 *Ga.* 195, 206 (43 S. E. 527), that "A declaration is duplicitous when it contains in the same count more than one fact, or set of facts, for the recovery of a single demand, any one of which would justify the recovery." This dictum was quoted from the *Orr* case in *Phillips* v. *Hightower,* 190 *Ga.* 785, 789, 790 (10 S. E. 2d, 854); but in the *Phillips* case this court went on to say, and we think correctly, that such a rule "should not be taken to mean that the mere diversity of facts set up in a count will render it double when all the facts taken together tend to the statement of one point or ground of recovery." In the *Phillips* case, the court held that, if the security deed had been void for a number of reasons, it would not have rendered the petition duplicitous to

state all of these reasons in the same count. Citing as authority: *Chamblee* v. *Atlanta Brewing & Ice Co.*, 131 *Ga.* 554, 563 (62 S. E. 1032); *Echols* v. *Green*, 140 *Ga.* 678 (4) (79 S. E. 557); *Bridges* v. *Donalson*, 165 *Ga.* 228 (140 S. E. 497); *Smith* v. *McWhorter*, 173 *Ga.* 255 (3) (160 S. E. 250). It will be noted, however, that in the *Phillips* case the court was particular to state that: "It is not insisted that the petition is duplicitous in the sense that it attempts to assert *inconsistent* theories for recovery of the relief sought, or that the allegations are in themselves *contradictory*, but that the count is double in that it contains two grounds of action to enforce a single demand." (Italics ours.) We are, therefore, led to observe that from the rulings of this court it seems clear that, if a plaintiff merely gives in one count two or more consistent reasons to enforce the same demand, the petition is not duplicitous. The rule is otherwise where the two theories of recovery "swear at each other," that is, where each contradicts and antagonizes the other. But this is not all with respect to the present case. Even though the two or more reasons or sets of facts given to support the same demand are perfectly consistent, they each must be actually alleged as a fact; and if the pleader should merely allege that one or the other of the theories presented is true, without saying which is true, the petition is subject to special demurrer pointing out such a defect. It follows that, in the instant case, the petition must be held to fail for two reasons: first, because the theories set forth in the same count are antagonistic to one another, that is are self-contradictory; and secondly, because neither theory is in fact alleged as being true, under the form of mere alternative pleading employed. It would hardly seem open to question that only one of the two theories here sought to be invoked could be true. If the will remains of force, it was either destroyed *prior* to the death of the testator and without his consent, or else it was lost or destroyed subsequently to his death. One or the other but not both of these inconsistent theories could be true; nor would it seem that it could reasonably be said that either of these theories was presented, when all that was alleged was that one or the other was true, without at all indicating which. It is plain that the two inconsistent theories might have been alleged in separate counts. It is also true that, if one count only was laid and the proof sought to be developed should indicate the other theory, an amendment to

the petition would have been in order to render such evidence admissible, since one of the prime objects of an amendment is to make the pleadings conform to the proof. *Ratteree* v. *Chapman,* 79 *Ga.* 574 (2) (4 S. E. 684) ; *Central of Ga. Ry. Co.* v. *Sistrunk,* 16 *Ga. App.* 683 (3) (85 S. E. 954) ; *Hughes* v. *Weaver,* 39 *Ga. App.* 597, 599 (11) (148 S. E. 12). And then too, if the petition had been brought in one count, on only one of the theories set forth by the Code, and if the testimony, offered without objection, sustained the other theory, the defect in the pleadings would be treated as cured by the verdict. *Irvin* v. *Locke,* 200 *Ga.* 675 (38 S. E. 2d, 289) ; *Grice* v. *Grice,* 197 *Ga.* 686, 699 (30 S. E. 2d, 183) ; *Napier* v. *Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579). But the principles just referred to do not cover the question here presented. Here the two theories for recovery are not only inconsistent, but the plaintiff by his petition merely shows that one or the other of them is the fact on which he seeks to rely, but fails to specify which, and refused on special demurrer to do so. Under such circumstances, is the special demurrer good, and has the defendant been deprived of his right to make the plaintiff put him on notice as to which of the two alternative inconsistent theories involving different legal principles he in fact is called upon to defend against? As was said in *Pitts* v. *Smith,* 108 *Ga.* 37, 40 (33 S. E. 814) : "A plaintiff owes to a defendant something more than a bare courtesy in respect to informing him as to the nature of the action the latter is called upon to defend." The principle involved in this record is not new. It appears to have been repeatedly dealt with and decided by this court. In *Doyal* v. *Russell,* 183 *Ga.* 518, 534 (189 S. E. 32), this court said : "Where pleadings do not make distinct and positive allegations, but are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader. *Baggett* v. *Edwards,* 126 *Ga.* 463 (55 S. E. 250). Where any one of several averments alleged in the alternative is insufficient, the entire pleading is rendered bad. In other words, where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is treated as pleading no more than the latter, because it must be construed most strongly against the pleader. *Fraser* v. *Smith & Kelly Co.,* 136 *Ga.* 18 (2) (70 S. E. 792) ; *Central of Ga. Ry. Co.* v. *Tapley,* 145 *Ga.* 792 (3) (89 S. E. 841) ;

Anderson *v.* Minneapolis &c. Ry. Co., 103 Minn. 224 (114 N. W. 1123, 14 L. R. A. (N. S.) 886) ; 49 C. J. 97, § 91; 21 R. C. L. 451, § 15. In such case the defect may be reached by a general demurrer; *whereas, if both alternatives are good in substance, the petition might be subject to special demurrer for duplicity,* but would not be subject to general demurrer. *Gainesville & Dahlonega Ry. Co.* v. *Austin,* 122 *Ga.* 823 (50 S. E. 983) ; *Central of Ga. Ry. Co.* v. *Banks,* 128 *Ga.* 785 (58 S. E. 352) ; *Harris* v. *Wilcox,* 7 *Ga. App.* 121 (66 S. E. 380)." (Italics ours.) In *Groover* v. *Savannah Bank & Trust Co.,* 186 *Ga.* 476, 478 (supra), after discussing the different forms of duplicitous pleading, the court said: "A pleading is *alternative* when it alleges substantive facts so disjunctively that it can not be determined upon which of them the pleader intends to rely as basis for recovery. In *either case the petition would be subject to special demurrer,* but in the latter case it would also be subject to general demurrer if any one of the alternatives be insufficient."

Counsel for the defendant in error invoke the principle that "No litigant will be heard to complain of an order or judgment of the court which he procures or assists in procuring, unless it be made plainly to appear that the consent of the party seeking to complain was obtained by fraud or mistake." *Don* v. *Don,* 162 *Ga.* 240 (133 S. E. 242). The theory of this contention is that, as shown by the original demurrer, the petition as originally filed merely alleged that the will had been destroyed, and did not allege either that the original of the alleged copy was destroyed during the life of the testator without his consent, or that it was destroyed subsequently to the death of the testator; and that to meet this demurrer, the plaintiff amended his petition as follows: "Petitioner shows that, after a diligent search for the will of George M. Saliba (I), it can not be found, and petitioner alleges that the original will was lost or destroyed before the testator's death without his knowledge or consent, or was lost or destroyed subsequent to his death." We feel unable to hold that, because a defendant demurs to a petition seeking to set up a copy of a lost will on the ground that the petition fails to allege either that the will was destroyed during the life of the testator without his consent or that it was destroyed subsequently to his death, this can be taken as an invitation for the petitioner to amend merely by showing that

it occurred by either one or the other of those ways, but without stating which; especially where it appears that the defendant's demurrer was renewed, after the petition had been thus amended, pointing out the very defect now insisted on.

The defendant in error further insists that the petition is not defective because there is only one right asserted; that is, that the will of the testator sought to be established was a valid and existing will. The great ability of counsel for the defendant in error seems to us to be more markedly manifest in dealing with this contention, that is, that there is a unity in the one right asserted, and therefore that there can be no valid charge of duplicity or alternative pleading when one and only one contention is made and only one right asserted. We have sought to show, however, that—while it is true that under either theory the same *cause of action* is involved—the theory or basis of recovery under that cause is not only not the same, but the two theories for recovery as authorized by the Code involve separate and distinct legal principles, and are as a matter of fact inconsistent each with the other; and that, besides all this, neither theory of recovery is in fact presented under the alternative form of pleading. Counsel for the defendant in error insist in connection with this contention that the ruling in the *Wood* case, supra—wherein it was held that "It is material whether the original was lost subsequently to the death or destroyed without the consent of the testator during his life," and that the petition must allege which—is not here controlling, in that the quoted language used in the *Wood* case itself clearly indicates that, where the petition is framed in the language of the statute, it is enough and can not be held defective. It is true that the quoted language employed in the petition as amended is in fact essentially in accord with that used in the statute. Numerous excerpts from cases derived from the Centennial Digest are cited by counsel, sustaining petitions where the language used was that employed by the statute. In none of those cases, however, does it appear that the question involved related to duplicitous or alternative pleading; and it would seem that the excerpts quoted from the Centennial Digest relate to cases where the question was whether or not the petition stated with sufficient fullness and clearness the facts relied upon by the pleader.

In connection with the contention of counsel that, because only

one right is asserted, there can be no duplicity or defect by reason of alternative pleading, they cite: *Chamblee* v. *Atlanta Brewing &c. Co.,* .131 *Ga.* 554 (62 S. E. 1032) ; *Echols* v. *Green,* 140 *Ga.* 678 (4) (79 S. E. 557) ; *Phillips* v. *Hightower,* 190 *Ga.* 785 (10 S. E. 2d, 854) ; *Atlantic Coast Line Ry. Co.* v. *Inabinette, 32 Ga. App.* 246 (122 S. E. 902) ; *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318) ; *Chestnut* v. *Weekes,* 180 *Ga.* 701 (180 S. E. 716) ; *Georgia-Alabama Coca-Cola Bottling Co.* v. *White,* 55 *Ga. App.* 706 (191 S. E. 265). We will briefly consider each of those cases. All that the court had in mind and all that it seems to have ruled in *Chamblee* v. *Atlanta Brewing &c. Co.,* 131 *Ga.* 554, 563, was the principle that we have in this opinion already approved, to wit, that two or more *consistent* reasons can be stated and be relied upon to sustain the same cause of action. In the second case just mentioned, *Echols* v. *Green,* 140 *Ga.* 678 (4), the court would seem to have had in mind the principle that a demurrer,.being a critic, must itself be beyond.criticism, for the decision did not deal with duplicitous or alternative pleadings at all, but merely ruled that the petition there involved would not be dismissed on the ground of *multifariousness.* The third in order of the cases cited, *Phillips* v. *Hightower,* 190 *Ga.* 785, has already been fully considered as sustaining the position we have taken. The next case cited, *Atlantic Coast Line Ry. Co.* v. *Inabinette, 32 Ga. App.* 246, distinguishes itself, just as the *Phillips* case did, since the opinion says (as was said in the *Phillips* case) that: "It is not insisted that the petition is duplicitous in the sense that it attempts to assert inconsistent theories for recovery of the relief sought, or that the allegations are in themselves contradictory." Citing cases. The *Anglin* case (120 *Ga.* 785, 791, 792), also cited on this point by the defendant in error, deals primarily with the question as to when a proffered amendment does or does not set up a new and distinct cause of action. That principle is not here involved. The same applies to *Chestnut* v. *Weekes,* 180 *Ga.* 701 and *Georgia-Alabama Coca-Cola Bottling Co.* v. *White,* 55 *Ga. App.* 706.

It might be contended, however, that the ruling in the *Wood* case, and in effect the rulings in the other cases cited to support this opinion in its holding that it is important, and therefore necessary, to allege whether the will was destroyed prior to the death of the decedent, without his consent, or was lost or destroyed sub-

sequently to his death, are all wrong and should not be followed, for the reason that it might be within the bounds of possibility to conceive of a case where it could be shown that the will was actually of force at the time of the testator's death, in that it had not been previously destroyed with his consent, and yet be impossible to determine whether it was destroyed without his consent prior to his death or lost or destroyed subsequently thereto. Under such a state of facts, it might be urged that the rights of the beneficiary under the will ought not to be precluded, but that he should be permitted to set forth such a situation in the alternative, and upon merely proving that one or the other of such alternative contingencies must have been true, he should be allowed to probate the copy. Even if such a situation might be conceived as possible, there is nothing which would prevent the plaintiff from bringing the action by positive contradictory averments in two counts. Such a common procedure would seem to protect his rights under almost any conceivable circumstances, and would obviate any necessity for setting up in one count inconsistent theories, and that only in the alternative. And besides, there would certainly seem to be no *presumption* that a plaintiff is unacquainted with the facts of his case, which this court has said it was important to allege. If a plaintiff should be permitted to take himself from within the scope of a general rule, it would seem that the very least he should do is to set forth some ground, reason, or excuse for the exercise of an unusual and exceptional privilege.

Finally, the defendant in error invokes the rule that a special demurrer, being a critic, must itself be perfect and free from imperfection (*National Bondholders Corp.* v. *Cheeseman,* 190 *Ga.* 166, 168, 169, 8 S. E. 2d, 391); the argument as applied to this case being that here the original demurrer objected to the petition as failing to allege either that the will was destroyed during the lifetime of the alleged testator, or was lost or destroyed subsequently to his death, and that the renewed demurrer objects to the allegations as thus called for. The argument thus presented appears to be identical with the argument already dealt with under the contention that a party can not be heard to complain of that which he himself procured.

We are, therefore, of the opinion, in view of the principles of law heretofore discussed, and especially in view of the specific rul-

ing in the *Wood* case, and in the *Doyal,* and *Groover* cases, supra, that the court should have sustained the renewed special demurrer to the petition as amended. ·

The defendant, by his renewed special demurrer having been entitled to put the plaintiff to an election as to which of the two alternative theories he relies upon as a basis of recovery (*Central of Georgia Ry. Co.* v. *Banks,* 128 *Ga.* 785 (1), 58 S. E. 352; *Burnett* v. *Lunsford,* 45 *Ga. App.* 168, 164 S. E. 100), and the court by overruling this demurrer having denied this right, all subsequent proceedings became nugatory.

*Judgment reversed. All the Justices concur, except*

DUCKWORTH, Justice, concurring specially. This is a proceeding under the Code, § 113-611, and it is there stated that, when an original will has been lost or destroyed without the consent of the testator a copy, when clearly proved to be such, may be admitted to probate. Obviously, therefore, such copy must be a true copy, an exact copy, and must contain every essential required of a valid will. Among the essentials of a valid will under the law is that it must be witnessed by three or more. § 113-301. If the original will did not meet this legal requirement, it was invalid, and a copy thereof would likewise be invalid and could not be ordered to probate. If the original will, on the other hand, met this essential requirement, it contained the signatures of at least three particular persons, and any copy thereof, in order to be such, must also contain the signatures of at least three particular persons. The alleged copy in the present case showed no signatures of witnesses, and the evidence showed only that, from among five named individuals, three of such persons were witnesses, but the proof failed to designate which three. Relying upon evidence that does not and can not identify any three persons as witnesses to the will, the court could not possibly insert the names of at least three persons as witnesses, and, hence, could not under the law establish and probate the instrument offered as a copy of the original will. This fatal defect in the evidence rendered the verdict illegal for the reason that it was unauthorized by the evidence. Therefore the court erred in overruling the general grounds of the motion for new trial.

The majority opinion does not deal with the foregoing, but places its reversal upon the ground that the court erred in overruling the demurrer to the petition. I am unable to agree with the majority.

The provisions of the Code, § 113-611, make it very plain, indeed too plain for serious doubt, that the requisites to the successful maintenance of a proceeding thereunder are that a valid will was executed, and that it was never revoked, but has been lost or destroyed without the consent of the testator. It would attribute to the law a concern about a perfectly immaterial matter to say that the law is concerned about the time when the loss or destruction of the will occurred. The law plainly authorizes probate of the copy of the will, if without the consent of the testator the will has been lost or destroyed at any time after it came into existence. Whether this occurred before or after the death of the testator, makes no difference under the law, provided only that he did not consent thereto. The law is interested in executing the will and intention of the testator, and it provides for the probate of a copy as the legal means of preventing a defeat of such testamentary desire and purpose. This concern of the law is continued throughout the time subsequent to the execution of the will. The remedy is available without regard to the particular time over that period at which the will disappeared by loss or destruction. This ought to demonstrate that fixing the time of its disappearance is an immaterial part of the pleading, provided it is alleged that such disappearance was without the consent of the testator. The majority opinion gives to the time at which the will disappeared an importance never intended by the law, and in doing this it seems to me the majority overlooked the fundamental purpose of the law, and allows a defeat of that purpose by an immaterial and, hence, frivolous matter. The following hypothetical case demonstrates conclusively to my mind the fallacy and serious danger in the majority ruling. A executes in proper form a valid will, making B the sole legatee and executor, and leaving it in B's custody. One year thereafter, in conversation with B, A discusses the terms of the will and together they read it, and B puts it back where he had it. One month thereafter B, not having seen the will since their previous conversation, is told by A that it is A's desire and intention that his estate go to B under the will. During the conversation A is stricken and dies without regaining consciousness. One week after A's death, B makes diligent search of all his files and papers and is unable to locate the will. No witness can be found who has seen the will or has knowledge of its destruction. B testifies, upon the

proceeding to establish a copy, to the facts above related. No other evidence touching the existence of the will subsequently to its execution can be found or introduced. Would the proceeding fail because of the inability to allege and prove whether the will was destroyed without the consent of A, or was lost or destroyed after his death. Surely the law would not tolerate defeat of its purpose by a judgment against the probate of such copy. If the petition was brought in two counts, one alleging destruction without the consent of the testator, and the other alleging loss or destruction after his death, when the evidence closed the petitioner would be unable to elect upon which count he would stand, since his evidence would not prove either one, standing alone, although it would undeniably prove the fundamental fact about which the law is concerned, to wit, that a genuine will had been lost or destroyed without the testator's consent. I do not think that the suggestion of the majority opinion as an answer to the dilemma presented by the above hypothetical case has any merit. Their suggestion is that in such a case the petitioner in one count make all the allegations found in the present petition, and add the averment that for want of information the petitioner could not say whether the disappearance of the will occurred before or after the testator's death. It seems to me that any layman would undoubtedly understand that the allegations in the present case mean clearly that the petitioner is unable to allege whether the will was lost or destroyed before or after the testator's death. The opinion cited and relied upon by the majority, in *Wood* v. *Achey*, 147 *Ga.* 571 (94 S. E. 1021), does not in my judgment have, any application to the question here involved. There the only reference in the petition to the disappearance of the will was the allegation that it had been "lost or destroyed." It did not allege that this was without the consent of the testator, while under the law, if it occurred with his consent, the copy could not be probated. This allegation was challenged by demurrer, and the opinion of this court upheld the demurrer. Obviously the petition was subject to the demurrer, and the discussion in the opinion was sound and correct as applied to the facts in that case. In that case it was necessary, if the petition remained silent as to the testator's consent, to allege that the loss or destruction occurred after the testator's death, and if this additional allegation was not made, then it would become necessary to allege that

it was destroyed or lost without the consent of the testator. What was there said is far from saying that in this case the allegation that the will had been destroyed without the testator's consent or had been lost or destroyed after his death was subject to demurrer upon the ground of duplicity.